Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL ANGEL SUAREZ, MIGUEL CIELO RAMOS, GERARDO IXEHUATL HERNANDEZ, GUSTAVO JACOBO PERALTA, JUAN MANUEL CUERVO REYES, CARLOS RANGEL CAMACHO, MARCELINO BARRALES RAMOS, NESTOR HERNANDEZ SANCHEZ, LEO DAN ANDRADE HUERTA, JOSE GAGUANCELA AUCACAMA, FIDENCIO JUAREZ TECUAPACHO, and EFREN ROMERO, *on behalf of themselves, and others similarly situated,* | FLSA COLLECTIVE ACTION COMPLAINT ECF CASE Civil Case No.: 19 CV 7210 Jury Trial Demanded |
| Plaintiffs, | |
| -against- | |
| BRASSERIE FELIX INC., *dba* RESTAURANT FELIX, and ALEXANDRE CATTEAU, and ALAIN DENNEULIN, *individually,* | |
| Defendants. | |

Plaintiffs, Miguel Angel Suarez, Miguel Cielo Ramos, Gerardo Ixehuatl

Hernandez, Gustavo Jacobo Peralta, Juan Manuel Cuervo Reyes, Carlos Rangel

Camacho, Marcelino Barrales Ramos, Nestor Hernandez Sanchez, Leo Dan Andrade

Huerta, Jose Gaguancela Aucacama, Fidencio Juarez Tecuapacho, and Efren Romero

(collectively, "Plaintiffs"), on behalf of themselves, and other similarly situated

employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this

Complaint against Defendants, Brasserie Felix Inc., *dba* Restaurant Felix (herein "Restaurant Felix"), and Alexandre Catteau, and Alain Denneulin, individually (all defendants, collectively, "Defendants"), and state as follows:

## INTRODUCTION

1.      Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiffs further allege, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES AND SUMMARY OF ALLEGATIONS

5.      Plaintiffs are adult residents of New York City.

6.      Plaintiffs are current and former employees of defendants.

7.      Defendant, Brasserie Felix Inc., *dba* "Restaurant Felix", is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business at 340 West Broadway, New York, New York 10013.

7.      Upon information and belief, Defendant, Alexandre Catteau, is an owner, general manager, officer, director and/or managing agent of Restaurant Felix, whose address is unknown at this time and who participated in the day-to-day operations and general management of Restaurant Felix, acted intentionally with regard to the allegations set forth herein, and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and as such, is jointly and severally liable with Restaurant Felix.

8.      Upon information and belief, Defendant, Alain Denneulin, is an owner, general manager, officer, director and/or managing agent of Restaurant Felix, whose address is unknown at this time and who participated in the day-to-day operations and general management of Restaurant Felix, acted intentionally with regard to the allegations set forth herein, and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and as such, is jointly and severally liable with Restaurant Felix.

9.      The individual defendants Alexandre Catteau, and Alain Denneulin, both exercised control over the terms and conditions of their employees' employment, including Plaintiffs, in that they have and have had the power to: (i) hire and fire

3

employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

10.    Plaintiff, Miguel Angel Suarez, was employed by Defendants in New York County, New York, as a food runner, at Defendants' restaurant known as "Restaurant Felix", located in the Soho neighborhood of Manhattan, beginning in 1994, through December 2018, with the exception of September 15, 2016 through May 22, 2017, when he was not employed by Restaurant Felix.

11.    Plaintiff, Miguel Cielo Ramos, was and is employed by Defendants in New York County, New York, as a food runner, at Defendants' restaurant known as "Restaurant Felix", located in the Soho neighborhood of Manhattan, beginning in 2005, through the present, with the exception of approximately one (1) year in 2010, when he was not employed by Restaurant Felix.

12.    Plaintiff, Gerardo Ixehuatl Hernandez, was and is employed by Defendants in New York County, New York, first as a busboy and later (including presently) as a food runner, at Defendants' restaurant known as "Restaurant Felix", located in the Soho neighborhood of Manhattan, beginning in September 2007, through the present, without interruption.

13.    Plaintiff, Gustavo Jacobo Peralta, was and is employed by Defendants in New York County, New York, as a busboy, at Defendants' restaurant known as "Restaurant Felix", located in the Soho neighborhood of Manhattan, beginning on or about March 29, 2014, through present, without interruption.

14. Plaintiff, Juan Manuel Cuervo Reyes, was and is employed by Defendants in New York County, New York, as a busboy, at Defendants' restaurant known as "Restaurant Felix", located in the Soho neighborhood of Manhattan, beginning on or about March 2015, through present, without interruption.

15. Plaintiff, Carlos Rangel Camacho, was and is employed by Defendants in New York County, New York, as a busboy, at Defendants' restaurant known as "Restaurant Felix", located in the Soho neighborhood of Manhattan, beginning in 2015, through present, without interruption.

16. Plaintiff, Marcelino Barrales Ramos, was and is employed by Defendants in New York County, New York, as a bus person, food runner, and barback, at Defendants' restaurant known as "Restaurant Felix", located in the Soho neighborhood of Manhattan, beginning in 2010, through present, with the exception a period of approximately one (1) year in 2013 through March 2014, when he was not employed by Restaurant Felix.

17. Plaintiff, Nestor Hernandez Sanchez, was and is employed by Defendants in New York County, New York, as a bus person, food runner, and barback, at Defendants' restaurant known as "Restaurant Felix", located in the Soho neighborhood of Manhattan, beginning in November 2012, through present, without interruption.

18. Plaintiff, Leo Dan Andrade Huerta, was and is employed by Defendants in New York County, New York, as a line cook, at Defendants' restaurant known as "Restaurant Felix", located in the Soho neighborhood of Manhattan, beginning in 2004, through present, without interruption.

19.     Plaintiff, Jose Gaguancela Aucacama, was and is employed by Defendants in New York County, New York, as a line cook, at Defendants' restaurant known as "Restaurant Felix", located in the Soho neighborhood of Manhattan, beginning in 2013, through present, without interruption.

20.     Plaintiff, Fidencio Juarez Tecuapacho, was and is employed by Defendants in New York County, New York, as a line cook and salad preparer, at Defendants' restaurant known as "Restaurant Felix", located in the Soho neighborhood of Manhattan, beginning on or about June 1, 2015, through present, without interruption.

21.     Plaintiff, Efren Romero, was and is employed by Defendants in New York County, New York, as a dishwasher, at Defendants' restaurant known as "Restaurant Felix", located in the Soho neighborhood of Manhattan, beginning in February 2010, through present, without interruption.

22.     During each of the six (6) most recent years, and prior thereto, Restaurant Felix, located at 340 West Broadway, in Manhattan, through corporate entities, continuously operated a large French Restaurant and bar.

23.     Defendant, Restaurant Felix, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

24.     At all relevant times, Restaurant Felix was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

6

25.     At all relevant times, the work performed by Plaintiffs, was directly essential to the restaurant business operated by defendants.

26.     Plaintiffs were and are paid "off the books", or partially off the books, in cash, and were/are long term employees of the restaurant owned and operated by Alexandre Catteau, and Alain Denneulin.

27.     Defendants engaged in widespread, systematic and significant violations of Federal and New York State wage and hour statutes and implementing regulations.

28.     Defendants, Alexandre Catteau, and Alain Denneulin, create and implement crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

29.     The defendant corporation is owned, operated, and controlled by Alexandre Catteau, and Alain Denneulin.

30.     At all relevant times, through present, Defendants knowingly and willfully failed and fail to pay Plaintiffs lawfully earned wages, in contravention of the FLSA and New York Labor Law.

31.     At all relevant times, through present, Defendants knowingly and willfully failed and fail to pay Plaintiffs lawfully earned minimum wages in contravention of the FLSA and New York Labor Law.

32.     At relevant times, through present, Defendants knowingly and willfully failed and fail to pay Plaintiffs lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

33.     At relevant times, through present, Defendants knowingly and willfully failed and fail to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

34.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## DETAILED STATEMENT OF FACTS

35.     Defendant, Alexandre Catteau, is an individual who, upon information and belief, owns the stock of Restaurant Felix, owns Restaurant Felix, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

36.     Defendant, Alain Denneulin, is an individual who, upon information and belief, owns the stock of Restaurant Felix, owns Restaurant Felix, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

37.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees wages for hours worked; minimum wages; and either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and corresponding federal and New York State Department of Labor Regulations.

### a.   Plaintiff Miguel Angel Suarez

38.     In 1994, Plaintiff, Miguel Angel Suarez, was hired by Defendants to work as a food runner, at Defendants' restaurant serving French cuisine, known as "Restaurant Felix" located at 340 Broadway, New York, New York 10013.

39.     Plaintiff, Miguel Angel Suarez, was continuously employed by Defendants, between 1994, through December 2018, with the exception of September 15, 2016 through May 22, 2017, when he was not working at Restaurant Felix.

40.     Plaintiff worked 5:00 p.m. until midnight on Wednesdays, Thursdays, Fridays, and Saturdays; and 10:00 a.m. through 10:00 p.m., or later, on Sundays, for a total of approximately forty (40) working hours per week.

41.     During the last four (4) years of his employment, Plaintiff was given a payroll check which indicated that he was a kitchen employee. In reality, he worked only for tips and was not paid any wages. He had to return any and all compensation paid to him to the employer. He, like others similarly situated, were not paid wages for his work.

42.     Plaintiff was paid the same regular rate for all hours worked, without an overtime premium for hours worked in excess of forty (40) per week.

43.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

44.     Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff and other similarly situated employees.

45.     As a front of house employee, Plaintiff did not punch a time clock or otherwise keep track of his working hours; upon information and belief, during the course

9

of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

### b.  **Plaintiff Miguel Cielo Ramos**

46.    In 2005, Plaintiff, Miguel Cielo Ramos, was hired by Defendants to work as a food runner, at Defendants' restaurant serving French cuisine, known as "Restaurant Felix" located at 340 Broadway, New York, New York 10013.

47.    Plaintiff, Miguel Cielo Ramos, has been continuously employed by Defendants, between 2005, through present, with the exception of the year 2010, when he was not working at Restaurant Felix.

48.    During the last four (4) years of his employment, Plaintiff has worked approximately thirty-five (35) hours per week. His paychecks indicate that he worked twenty-four (24) hours per week.

49.    Plaintiff Miguel Cielo Ramos' regular schedule was and is, 10:00 a.m. to 5:00 p.m., a shift of seven (7) hours, five (5) days per week. He was not, and is not, given a break during his scheduled shift.

50.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff Miguel Cielo Ramos, and other similarly situated employees.

51.    Defendants knowingly paid Plaintiff Miguel Cielo Ramos for less hours than he actually worked.

52.    As a front of house employee, Plaintiff did not punch a time clock or otherwise keep track of his working hours; upon information and belief, during the course

of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

53.     Defendants are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to Plaintiff, that Defendants were taking a "tip credit"; (ii) failed to provide proper wage statements informing tipped employees, including Plaintiff, of the amount of "tip credit" taken for each payment period; (iii) failed to pay tipped employees, including Plaintiff, the proper amount of minimum wages afforded to tipped employees; and (iv) paid tipped employees, including Plaintiff, at such a reduced hourly rate such that they do not even qualify as "tipped employees" under the law, all of which renders the "tip credit" invalid.

54.     The written accounting of Plaintiff's pay is false; as such, records in Defendants' possession may be false.

55.     Plaintiff was not provided with a wage notice; he did not punch a clock; the employer did not pay him hourly but rather a purported flat wage for twenty-four (24) hours even though he worked many more hours.

### c.  **Plaintiff Gerardo Ixehuatl Hernandez**

56.     In September 2007, Plaintiff, Gerardo Ixehuatl Hernandez, was hired by Defendants to work as a busboy, at Defendants' restaurant serving French cuisine, known as "Restaurant Felix" located at 340 Broadway, New York, New York 10013.

57.     Plaintiff, Gerardo Ixehuatl Hernandez, has been continuously employed by Defendants, between 2007, through present. In approximately 2016 Plaintiff Gerardo Ixehuatl Hernandez was promoted from busboy to food runner.

58.     As a busboy, Plaintiff Gerardo Ixehuatl Hernandez worked Mondays, Tuesdays, Saturdays and Sundays, 10:00 a.m. until midnight; and Fridays 5:00 p.m. to midnight, for a total of approximately sixty-three (63) working hours per week.

59.     Since 2016, while working as a food runner, Plaintiff Gerardo Ixehuatl Hernandez worked Saturdays and Sundays, 10:00 a.m. until midnight; and Wednesdays, Thursdays, and Fridays 5:00 p.m. to midnight, for a total of approximately forty-nine (49) working hours per week.

60.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

61.     Defendants knowingly paid Plaintiff Gerardo Ixehuatl Hernandez for less hours than he actually worked.

62.     As a front of house employee, Plaintiff did not punch a time clock or otherwise keep track of his working hours; upon information and belief, during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

63.     Defendants are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to Plaintiff, that Defendants were taking a "tip credit"; (ii) failed to provide proper wage statements informing tipped employees, including Plaintiff, of the amount of "tip credit" taken for each payment period; (iii) failed to pay tipped employees, including Plaintiff, the proper amount of minimum wages afforded to tipped employees; and (iv) paid the tipped employees,

12

including Plaintiff, at such a reduced hourly rate such that they do not even qualify as "tipped employees" under the law, all of which renders the "tip credit" invalid.

64.     The written accounting of Plaintiff's pay is false; his paychecks indicate that he worked twenty-four (24) hours per week, but he worked much longer hours. As such, records in Defendants' possession may be false.

65.     Plaintiff was not provided with a wage notice; he did not punch a clock; the employer did not paid him hourly but rather a purported flat wage for twenty-four (24) hours even though he worked many more hours.

66.     Plaintiff Gerardo Ixehuatl Hernandez was not paid the spread of hours premium when he worked a shift in excess of ten (10) hours, which occurred twice per week since 2016 and four (4) times weekly prior to 2016.

67.     Plaintiff Gerardo Ixehuatl Hernandez did not receive a break, even when he worked double shifts (lunch and dinner).

### d.  Plaintiff Gustavo Jacobo Peralta

68.     On or about March 29, 2014, Plaintiff, Gustavo Jacobo Peralta, was hired by Defendants to work as a busboy, at Defendants' restaurant serving French cuisine, known as "Restaurant Felix" located at 340 Broadway, New York, New York 10013.

69.     Plaintiff, Gustavo Jacobo Peralta, has been continuously employed by Defendants, since March 2014, through present.

70.     As a busboy, Plaintiff Gustavo Jacobo Peralta worked four (4) days per week, Mondays and Tuesdays, 10:00 a.m. until midnight; Saturdays 9:30 a.m. until midnight; and Sundays 11:00 a.m. to 11:00 p.m., for a total of approximately fifty and one-half (50 ½) working hours per week.

71.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

72.     Defendants knowingly paid failed to pay Plaintiff Gustavo Jacobo Peralta any wages for the hours he worked.

73.     Plaintiff Gustavo Jacobo Peralta did not punch a time clock or otherwise keep track of his working hours; upon information and belief, during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

74.     Defendants are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to Plaintiff, that Defendants were taking a "tip credit"; (ii) failed to provide proper wage statements informing tipped employees, including Plaintiff, of the amount of "tip credit" taken for each payment period; (iii) failed to pay tipped employees, including Plaintiff, the proper amount of minimum wages afforded to tipped employees; and (iv) failed to pay Plaintiff Gustavo Jacobo Peralta, such that he does not qualify as a "tipped employee" under the law, all of which renders the "tip credit" invalid.

75.     Plaintiff Gustavo Jacobo Peralta was not paid any wages for the hours he worked. He received only gratuities from customers but no compensation from his employer.

76.     Plaintiff was not provided with a wage notice; he did not punch a clock; the employer did not pay him hourly or otherwise.

77.     Plaintiff Gustavo Jacobo Peralta was not paid the spread of hours premium when he worked a shift in excess of ten (10) hours, which occurred four (4) times per week.

78.     Plaintiff Gustavo Jacobo Peralta did not receive a break, even when he worked double shifts (lunch and dinner).

### e.  Plaintiff Juan Manuel Cuervo Reyes

79.     In about March 2015, Plaintiff, Juan Manuel Cuervo Reyes, was hired by Defendants to work as a busboy, at Defendants' restaurant serving French cuisine, known as "Restaurant Felix" located at 340 Broadway, New York, New York 10013.

80.     Plaintiff, Juan Manuel Cuervo Reyes, has been continuously employed by Defendants, since March 2015, through present.

81.     As a busboy, Plaintiff Juan Manuel Cuervo Reyes worked five (5) days per week, Tuesdays and Fridays, 5:00 p.m. until midnight or 1:00 a.m.; Wednesdays 10:00 a.m. until midnight; Saturdays 11:00 a.m. until midnight; and Sundays 10:00 a.m. until 5:00 p.m. or 6:00 p.m., for a total of approximately forty-nine (49) working hours per week.

82.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff Juan Manuel Cuervo Reyes and many other similarly situated employees.

83.     Defendants knowingly paid failed to pay Plaintiff Juan Manuel Cuervo Reyes any wages for the hours he worked.

84.     Plaintiff Juan Manuel Cuervo Reyes did not punch a time clock or otherwise keep track of his working hours; upon information and belief, during the course

of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

85.     Defendants are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to Plaintiff, that Defendants were taking a "tip credit"; (ii) failed to provide proper wage statements informing tipped employees, including Plaintiff, of the amount of "tip credit" taken for each payment period; (iii) failed to pay tipped employees, including Plaintiff, the proper amount of minimum wages afforded to tipped employees; and (iv) failed to pay Plaintiff Juan Manuel Cuervo Reyes, such that he does not qualify as a "tipped employee" under the law, all of which renders the "tip credit" invalid.

86.     Plaintiff Juan Manuel Cuervo Reyes was not paid any wages for the hours he worked. He received only gratuities from customers but no compensation from his employers, the defendants herein.

87.     Plaintiff was not provided with a wage notice; he did not punch a clock; the employer did not pay him hourly or otherwise.

88.     Plaintiff Juan Manuel Cuervo Reyes was not paid the spread of hours premium when he worked a shift in excess of ten (10) hours, which occurred four (4) times per week.

89.     Plaintiff Juan Manuel Cuervo Reyes did not receive a break, even when he worked double shifts (lunch and dinner).

### f.   Plaintiff Carlos Rangel Camacho

90.     In approximately 2015, Plaintiff, Carlos Rangel Camacho, was hired by Defendants to work as a busboy, at Defendants' restaurant serving French cuisine, known as "Restaurant Felix" located at 340 Broadway, New York, New York 10013.

91.     Plaintiff, Carlos Rangel Camacho, has been continuously employed by Defendants, since 2015, through present.

92.     As a busboy, Plaintiff Carlos Rangel Camacho worked approximately four (4) days per week, Mondays and Tuesdays, 10:00 a.m. until 11:30 p.m. or midnight; Saturdays 9:30 a.m. until 11:30 p.m.; Sundays 9:30 a.m. until midnight, for a total of approximately fifty-six (56) working hours per week. Some weeks Plaintiff Carlos Rangel Camacho works a party, requiring him to work much longer hours, for a total of up to sixty-three (63) working hours per week.

93.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff Carlos Rangel Camacho and many other similarly situated employees.

94.     Defendants knowingly paid failed to pay Plaintiff Carlos Rangel Camacho any wages for the hours he worked.

95.     Plaintiff Carlos Rangel Camacho did not punch a time clock or otherwise keep track of his working hours; upon information and belief, during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

96.     Defendants are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to Plaintiff, that Defendants were taking a "tip credit"; (ii) failed to provide proper wage statements informing tipped

employees, including Plaintiff, of the amount of "tip credit" taken for each payment period; (iii) failed to pay tipped employees, including Plaintiff, the proper amount of minimum wages afforded to tipped employees; and (iv) failed to pay Plaintiff Carlos Rangel Camacho, such that he does not qualify as a "tipped employee" under the law, all of which renders the "tip credit" invalid.

97.     Plaintiff Carlos Rangel Camacho was not paid any wages for the hours he worked. He received only gratuities from customers but no compensation from his employers, the defendants herein.

98.     Plaintiff was not provided with a wage notice; he did not punch a clock; the employer did not pay him hourly or otherwise.

99.     Plaintiff, Carlos Rangel Camacho, was not paid the spread of hours premium when he worked a shift in excess of ten (10) hours, which occurred four (4) times per week.

100.     Plaintiff, Carlos Rangel Camacho, did not receive a break, even when he worked double shifts (lunch and dinner).

### g.  Plaintiff Marcelino Barrales Ramos

101.     In November 2010, Plaintiff, Marcelino Barrales Ramos, was hired by Defendants to work as a busboy, at Defendants' restaurant serving French cuisine, known as "Restaurant Felix" located at 340 Broadway, New York, New York 10013. Recently, Plaintiff Marcelino Barrales Ramos also worked as a food runner one (1) day each week and a barback one (1) day each week.

102.     Plaintiff, Marcelino Barrales Ramos, has been continuously employed by Defendants, between March 2014, through present.

18

103.    Plaintiff works 10:00 a.m. until 5:00 p.m. on Tuesdays; 10:00 a.m. through midnight on Thursdays, Fridays and Saturdays; and 9:00 a.m. through midnight on Sundays, for a total of approximately sixty-four (64) working hours per week.

104.    Even though Plaintiff Marcelino Barrales Ramos worked approximately sixty-four (64) hours per week, his paychecks indicated that he worked twenty-four (24) hours per week.

105.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff Marcelino Barrales Ramos, and other similarly situated employees.

106.    Defendants knowingly paid Plaintiff Marcelino Barrales Ramos for far less hours than he actually worked.

107.    Plaintiff Marcelino Barrales Ramos was not paid the spread of hours premium when he worked a shift in excess of ten (10) hours, which occurred four (4) days per week.

108.    Plaintiff Marcelino Barrales Ramos did not receive a break, even when he worked double shifts (lunch and dinner).

109.    As a front of house employee, Plaintiff did not punch a time clock or otherwise keep track of his working hours; upon information and belief, during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

110.    Defendants are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to Plaintiff, that Defendants were taking a "tip credit"; (ii) failed to provide proper wage statements informing tipped

employees, including Plaintiff, of the amount of "tip credit" taken for each payment period; (iii) failed to pay tipped employees, including Plaintiff Marcelino Barrales Ramos, the proper amount of minimum wages afforded to tipped employees; and (iv) paid tipped employees, including Plaintiff Marcelino Barrales Ramos, at such a reduced hourly rate such that he does not qualify as a "tipped employee" under the law, all of which renders the "tip credit" invalid.

111.    The written accounting of Plaintiff's pay is false; as such, records in Defendants' possession may be false.

112.    Plaintiff was not provided with a wage notice; he did not punch a clock; the employer did not pay him hourly but rather a purported flat wage for twenty-four (24) hours even though he worked many more hours.

### h.  Plaintiff Nestor Hernandez Sanchez

113.    In November 2012, Plaintiff Nestor Hernandez Sanchez, was hired by Defendants to work as a busboy, at Defendants' restaurant serving French cuisine, known as "Restaurant Felix" located at 340 Broadway, New York, New York 10013.

114.    Recently, in addition to working as a bus person, Plaintiff Nestor Hernandez Sanchez also worked as a food runner one (1) day each week and a barback one (1) day each week.

115.    Plaintiff, Nestor Hernandez Sanchez, has been continuously employed by Defendants, between November 2012, through present.

116.    Plaintiff Nestor Hernandez Sanchez has had the following general work schedule:

Mondays      off
Tuesdays     off

| Wednesdays | 10:00 a.m. to 12:00 a.m. (double shift) |
| Thursdays | 10:00 a.m. to 12:00 a.m. (double shift) |
| Fridays | 10:00 a.m. to 12:00 a.m. (double shift) |
| Saturdays | 10:00 a.m. to 12:00 a.m. (double shift) |
| Sundays | 9:30 a.m. to 10:00 p.m. |

117.    Plaintiff Nestor Hernandez Sanchez works and has worked a total of approximately sixty-eight and a half (68 ½) hours per week.

118.    Even though Plaintiff Nestor Hernandez Sanchez worked approximately sixty-eight and a half (68 ½) hours per week, his was only paid fifty dollars ($50.00) in cash, from the restaurant, which he has been told is for placing the weekly order for wine and liquors.

119.    Defendants knowingly and willfully operated their business with a policy of paying no wages the Plaintiff Nestor Hernandez Sanchez, and other similarly situated employees.

120.    As a front of house employee, Plaintiff Nestor Hernandez Sanchez did not punch a time clock or otherwise keep track of his working hours; upon information and belief, during the course of Plaintiff's employment, the Defendants failed to maintain any time records.

121.    Defendants are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to Plaintiff, that Defendants were taking a "tip credit"; (ii) failed to provide proper wage statements informing tipped employees, including Plaintiff, of the amount of "tip credit" taken for each payment period; (iii) failed to pay tipped employees, including Plaintiff Nestor Hernandez Sanchez, the proper amount of minimum wages afforded to tipped employees; all of which renders the "tip credit" invalid.

21

122.    Plaintiff Nestor Hernandez Sanchez received no written accounting of his hours and he was paid no wages for his work as a bus person, food runner, and bar back.

123.    Plaintiff was not provided with a wage notice; he did not punch a clock; the employer did not paid him for his weekly working hours.

### i. Plaintiff Leo Dan Andrade Huerta

124.    In 2004, Plaintiff, Leo Dan Andrade Huerta, was hired by Defendants to work as a cook, at Defendants' restaurant serving French cuisine, known as "Restaurant Felix" located at 340 Broadway, New York, New York 10013.

125.    Plaintiff Leo Dan Andrade Huerta, has been continuously employed as a line cook, by Defendants, between 2004, through present.

126.    Prior to 2018, Plaintiff worked 9:00 a.m. until 5:00 p.m., Tuesdays, Thursdays and Fridays; and 9:00 a.m. until 11:00 p.m., Saturdays and Sundays, for a total of approximately fifty-two (52) working hours per week.

127.    During the past several years, Plaintiff Leo Dan Andrade Huerta was paid a flat salary of seven hundred fifty dollars ($750.00) per week.

128.    During this year Plaintiff has worked slightly fewer hours per week and is paid fifteen dollars ($15.00) per hour.

129.    Defendants knowingly and willfully operated their business with a policy of not paying wages for all hours worked, to the Plaintiff Leo Dan Andrade Huerta and other similarly situated employees.

130.    Defendants knowingly paid Plaintiff Leo Dan Andrade Huerta for less hours than he actually worked.

131.    Plaintiff Leo Dan Andrade Huerta as well as all other kitchen employees, began punching a time clock in 2018; upon information and belied, he was not paid overtime compensation as required by state and federal law.

132.    Plaintiff Leo Dan Andrade Huerta did not receive tips.

133.    Plaintiff Leo Dan Andrade Huerta was not paid the spread of hours premium.

134.    The written accounting of Plaintiff's pay is believed to be false; as such, records in Defendants' possession may be false.

135.    Plaintiff was not provided with a wage notice; he did punch a clock (recently); prior to this year, his employer did not pay him hourly but rather a purported salary even though he worked extensive overtime.

### j.  Plaintiff Jose Gaguancela Aucacama

136.    In 2013, Plaintiff, Jose Gaguancela Aucacama, was hired by Defendants to work as a cook, at Defendants' restaurant serving French cuisine, known as "Restaurant Felix" located at 340 Broadway, New York, New York 10013.

137.    Plaintiff, Jose Gaguancela Aucacama, has been continuously employed as a line cook, by Defendants, between 2013, through present.

138.    Prior to 2018, Plaintiff Jose Gaguancela Aucacama worked 11:00 a.m. until 11:00 p.m., Wednesdays, Thursdays, Fridays, Saturdays and Sundays, for a total of sixty (60) working hours per week.

139.    Prior to mid 2018, Plaintiff Jose Gaguancela Aucacama was paid a weekly salary of seven hundred dollars ($700.00) per week.

140.    Prior to mid 2018, Plaintiff Jose Gaguancela Aucacama did not punch a clock and his employer did not keep track of his working hours or pay him on an hourly basis.

141.    Plaintiff Jose Gaguancela Aucacama was paid partly by check and partly by cash.

142.    Defendants knowingly and willfully operated their business with a policy of not paying wages for all hours worked, to the Plaintiff Jose Gaguancela Aucacama and other similarly situated employees.

143.    Defendants knowingly paid Plaintiff Jose Gaguancela Aucacama for less hours than he actually worked.

144.    Plaintiff Jose Gaguancela Aucacama did not receive tips.

145.    Plaintiff Jose Gaguancela Aucacama was not paid the spread of hours premium.

146.    The written accounting of Plaintiff's pay is believed to be false; as such, records in Defendants' possession may be false.

147.    Plaintiff was not provided with a wage notice; he did punch a clock (recently); prior to this year, his employer did not pay him hourly but rather a purported salary even though he worked extensive overtime.

### k.  Plaintiff Fidencio Juarez Tecuapacho

148.    In June 2015, Plaintiff, Fidencio Juarez Tecuapacho, was hired by Defendants to work as a cook and salad preparer, at Defendants' restaurant serving French cuisine, known as "Restaurant Felix" located at 340 Broadway, New York, New York 10013.

149.    Plaintiff, Fidencio Juarez Tecuapacho, has been continuously employed as a cook and salad preparer, by Defendants, between June 2015, through present.

150.    Plaintiff Fidencio Juarez Tecuapacho has, and has had, the following general work schedule:

| | |
|---|---|
| Mondays | 12:00 p.m. to 11:00 p.m. |
| Tuesdays | 12:00 p.m. to 11:00 p.m. |
| Wednesdays | 5:00 p.m. to 11:00 p.m. |
| Thursdays | off |
| Fridays | 5:00 p.m. to 11:00 p.m. |
| Saturdays | 8:00 a.m. to 11:00 p.m. |
| Sundays | 10:00 a.m. to 9:00 p.m. |

151.    Plaintiff   Fidencio   Juarez   Tecuapacho   works   and   has   worked approximately sixty (60) hours per week.

152.    In 2015, Plaintiff Fidencio Juarez Tecuapacho was paid a salary of seven hundred fifty dollars ($750.00), in cash.

153.    In 2016 through 2018, Plaintiff Fidencio Juarez Tecuapacho was paid a salary of approximately seven hundred dollars, partly in cash and partly in check.

154.    In 2019, Plaintiff Fidencio Juarez Tecuapacho has been paid by check; he is supposedly earning an hourly wage of $15.00 per hour, but his checks do not reflect the number of hours worked and he does not receive premium pay for overtime hours worked each week.

155.    Prior to mid 2018, Plaintiff Plaintiff Fidencio Juarez Tecuapacho did not punch a clock and his employer did not keep track of his working hours or pay him on an hourly basis.

156.    Throughout   much   of   his   employment,   Plaintiff   Fidencio   Juarez Tecuapacho was paid partly by check and partly by cash.

157.    Defendants knowingly and willfully operated their business with a policy of not paying wages for all hours worked, and not paying overtime, to the Plaintiff Fidencio Juarez Tecuapacho and other similarly situated employees.

158.    Plaintiff Fidencio Juarez Tecuapacho did not receive tips.

159.    Plaintiff Fidencio Juarez Tecuapacho was not paid the spread of hours premium.

160.    Plaintiff was not provided with a wage notice; he did punch a clock (recently); prior to this year, his employer did not pay him hourly but rather a purported salary even though he worked extensive overtime.

### l.    **Plaintiff Efren Romero**

161.    In February 2010, Plaintiff, Efren Romero, was hired by Defendants to work as a dishwasher ad cleaner, at Defendants' restaurant serving French cuisine, known as "Restaurant Felix" located at 340 Broadway, New York, New York 10013.

162.    Plaintiff, Efren Romero, has been continuously employed as a dishwasher and cleaner, by Defendants, between February 2010, through present.

163.    Plaintiff Efren Romero has, and has had, the following general work schedule:

| | |
|---|---|
| Mondays | off |
| Tuesdays | 8:00 a.m. to 3:00 a.m. |
| Wednesdays | 5:00 p.m. to 3:00 a.m. |
| Thursdays | 5:00 p.m. to 3:00 a.m. |
| Fridays | 5:00 p.m. to 3:00 a.m. |
| Saturdays | 5:00 p.m. to 3:00 a.m. |
| Sundays | 4:30 p.m. to 2:00 a.m. |

164.    Plaintiff Efren Romero works and has worked approximately sixty eight and one-half (68 ½) hours per week.

165.    Since approximately 2017, Plaintiff Efren Romero has been paid a weekly salary of seven hundred dollars ($700.00), partly in cash.

166.    Prior to 2017, for several years, Plaintiff Efren Romero was paid a weekly salary of six hundred eighty dollars ($680.00), partly in cash and partly in check.

167.    Plaintiff Efren Romero is not paid hourly and he did not and does not receive premium pay for overtime hours worked each week.

168.    Throughout much of his employment, Plaintiff Efren Romero was paid partly by check and partly by cash and on a salary basis even though he is a non-exempt dishwasher, and he worked extensive overtime each week.

169.    Defendants knowingly and willfully operated their business with a policy of not paying wages for all hours worked, and not paying overtime, to the Plaintiff Efren Romero and other similarly situated employees.

170.    Plaintiff Efren Romero did not receive tips.

171.    Plaintiff Efren Romero was not paid the spread of hours premium.

172.    Plaintiff was not provided with a wage notice; and his employer did not pay him hourly but rather a purported salary even though he worked extensive overtime.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

173.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "172" of this Complaint as if fully set forth herein.

174.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

175.    At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

176.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

177.    Plaintiffs worked hours for which they were paid less than the statutory minimum hourly wage; tips workers at Restaurant Felix were not paid any wages.

178.    At relevant times, Defendants had and have a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, for hours worked.

179.    Plaintiffs were entitled to be paid at the rate of time and one-half the statutory minimum, or when higher, their regular rate of pay, for all hours worked in excess of the maximum hours provided for in the FLSA.

180.    Defendants failed to pay all Plaintiffs, and other employees similarly situated, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

181.    At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

182.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs, at the statutory minimum

wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure them.

183.    Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

184.    Some records concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs may be in the possession and custody of the Defendants. If Plaintiffs obtain such records by appropriate discovery proceedings to be taken promptly in this case they will, if necessary and with leave of Court, amend this Complaint to set forth the precise amounts due.

185.    Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

186.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

187.    Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and pre-judgment interest thereon.

188.    Plaintiff are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

189.   Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "188" of this Complaint as if fully set forth herein.

190.   At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

191.   Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs wages for hours worked; and minimum wages in the lawful amount for hours worked.

192.   Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay, or their regular rate where higher than the statutory minimum wage, for each hour worked in excess of forty (40) hours in a workweek.

193.   Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums to Plaintiffs for each day they worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

194.   Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

195.   Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "194" of this Complaint as if fully set forth herein.

196.    Upon information and belief, Defendant's record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying for their full hours worked; and, overtime due.

197.    Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

198.    Plaintiffs were not provided with a proper, written wage notice, as required by law.

199.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

200.    Plaintiffs were not provided wage statements, as required by law.

201.    Defendants' failure to provide an accurate annual wage notice entitles each Plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

202.    Defendants' failure to provide a weekly wage statement entitles each Plaintiff to statutory damages in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

203.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated employees, respectfully request that this Court grant the following relief:

(a)    An award of unpaid wages and minimum wages due under the FLSA and New York Labor Law;

(b)    An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(c)    An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)    An award of liquidated damages and statutory penalties as a result of Defendants' willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f)    An award of prejudgment and post-judgment interest;

(g)    An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(h)    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully demand a trial by jury on all issues.

Dated: New York, New York
      August 1, 2019

Respectfully submitted,

By:                                          
Peter H. Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiffs**
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:     Alexandre Catteau

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiffs herein intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Brasserie Felix Inc., for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporation, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
       August 1, 2019

                                        Respectfully submitted,

By:     _____
                                        Peter H. Cooper  (PHC 4714)

                                        CILENTI & COOPER, PLLC
                                        **Attorneys for Plaintiffs**
                                        10 Grand Central
                                        155 East 44th Street – 6th Floor
                                        New York, NY 10017
                                        Telephone  (212) 209-3933
                                        Facsimile (212) 209-7102
                                        E-mail: pcooper@jcpclaw.com

**NOTICE OF INTENTION TO ENFORCE MEMBER
LIABILITY FOR SERVICES RENDERED**

To:     Alain Denneulin


PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiffs herein intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Brasserie Felix Inc., for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporation, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
        August 1, 2019


Respectfully submitted,

By:     _____
                Peter H. Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiffs**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, ___Miguel   Suarez___, am an employee currently or

formerly employed by ___Felix  Bar + Restaurant___, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
___July 22___, 2019

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Miguel Cielo Ramos_ , am an employee currently or
formerly employed by _Telix Bar + Restaurant_ , and/or related
entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_July 22_ , 2019

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Gerardo Tyehuatl_, am an employee currently or formerly employed by _Felix Bar + Restaurant_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_July 28_____, 2019

_____

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Gustavo Jacobo_, am an employee currently or formerly employed by _Felix Bar + Restaurant_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_July 22_ , 2019

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Juan M. Cuervo_, am an employee currently or formerly employed by _Felix Bar + Restaurant_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_July 29_, 2019

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Carlos Rangel Camacho , am an employee currently or

formerly employed by Felix Bar and Restaurant , and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
July 31 , 2019

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Marcelino Barrales_ , am an employee currently or

formerly employed by _Felix Bar and Restaurant_ , and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_July 30_ , 2019

_Marcelino_

**CONSENT TO SUE UNDER
FAIR LABOR STANDARDS ACT**

I, ___Nestor  Hernandez___, am an employee currently or

formerly employed by ___Restaurant  Felix___, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
___July 31___, 2019

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Leodan Huerta_ , am an employee currently or

formerly employed by _Felix Bar + Restaurant_ , and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_July 22_ , 2019

**CONSENT TO SUE UNDER
FAIR LABOR STANDARDS ACT**

I, ___Jose Craguancela___, am an employee currently or

formerly employed by ___Felix Bar + Restaurant___, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
___July 22___, 2019

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Fidencio Juarez                    , am an employee currently or

formerly employed by  Felix Bar and Restaurant         , and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
July 26            , 2019

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Efren Romero_ , am an employee currently or

formerly employed by _Felix Bar and Restaurant_ , and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_July 25_ , 2019

_· Efren Romero_