# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
10 Grand Central
155 East 44th Street - 6th Floor

Telephone (212) 209-3933
Facsimile (212) 209-7102

**MEMO ENDORSED**

August 20, 2019

**BY ECF**

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

> Re:   *Miguel Angel Suarez, et. al. v. Brasserie Felix, Inc., et al.*
>         Case No. 19 Civ. 7210 (KPF)(RWL)

Dear Judge Failla,

We are counsel to the plaintiffs, twelve (12) current and former employees of Brasserie Felix, Inc. and its owners ("defendants"), who allege, *inter alia*, unpaid minimum wages and overtime compensation, pursuant to the Fair Labor Standards Act and New York Labor Law. Plaintiffs also claim statutory violations of the notice and record keeping requirements of the New York Wage Theft Prevention Act, implemented in 2011.

The case was filed on August 2, 2019. Shortly after defendants became aware of it, they implemented policy changes, which place current employees at risk of imminent termination. On or about August 16, 2019, defendants mandated that plaintiffs promptly provide employment eligibility verification, which defendant claims has to be transmitted to the United States Department of Homeland Security. They threaten to terminate plaintiffs for non-compliance with this new "policy".

Most of the plaintiffs are long-term current employees of Brasserie Felix, having worked between five (5) and twenty (20) years for the company, and they allege significant wage and hour violations under Federal and State laws. After commencing the action plaintiffs have been threatened with imminent termination. Defendants' stated desire, to comply with applicable laws, is contrary to other corrective measures they have taken to date, and is on its face a pre-textural tool to terminate plaintiffs' employment in retaliation for commencing the action.

Hon. Katherine P. Failla, U.S.D.J.
August 20, 2019
Page 2

In light of defendants' recent "policy" change, we believe it is appropriate to request, at this early juncture, an order enjoining defendants from retaliating against employees for brining this action. Such retaliation would include terminating them; contacting, or threatening to contact the Department of Homeland Security with regard to plaintiffs' immigration status; otherwise inquiring about plaintiffs' immigration status; reducing their hours; or in any other manner discriminating against plaintiffs for bringing the action.

The Fair Labor Standards Act's anti-retaliation provision is a critical element of the statute's enforcement mechanisms. *See, e.g., Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960). This protection is "designed to ensure that employees are not compelled to risk their jobs in order to assert their wage and hour rights under the Act." *Lambert v. Ackerly*, 180 F.3d 997, 1004 (9th Cir. 1999). "Unchecked retaliation, no matter what form, subverts the purpose of the FLSA." *Mullins v. City of New York*, 626 F.3d 47, 55 (2d Cir. 2010) Accordingly, section 15(a)(3) of the Act makes it unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed a complaint, or instituted, or caused to be instituted, any proceeding under, or related to this chapter, or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3).

It is routine in this District to deny an employer discovery into plaintiffs' immigration status during the pendency of an action concerning alleged violation of the Fair Labor Standards Act. *See, e.g., Colon v. Major Perry Street Corp.*, 987 F.Supp.2d 451 (S.D.N.Y. 2013); *Rosas v. Alice's Tea Cup, LLC*, 127 F.Supp.3d 4 (S.D.N.Y. 2015). Examples of protective orders issued under similar circumstances are annexed hereto as Exhibit A. Defendants' use inquiry into immigration as a tool to force immediate termination of long-term employees should be identified as clearly retaliatory and enjoined.

For the foregoing reasons, on behalf of plaintiffs, we respectfully request the court issue a protective order in this case. A proposed order is annexed as Exhibit "B".

We thank the court for its consideration of this matter.

Respectfully submitted,

CILENTI & COOPER, PLLC

By: _____
Peter H. Cooper

cc:   Brasserie Felix, Inc.
      340 West Broadway
      New York, NY 10013

Hon. Katherine P. Failla, U.S.D.J.
August 20, 2019
Page 3

    Alexandre Catteau
    340 West Broadway
    New York, NY 10013

    Alain Denneulin
    340 West Broadway
    New York, NY 10013

The Court hereby orders Defendants Brasserie Felix, Inc., Alexandre Catteau, and Alain Denneulin to respond to the Plaintiffs' motion for a protective order by Friday August 23, 2019, at 5:00 PM.

Dated: August 20, 2019
       New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE