

Littler Mendelson, PC
900 Third Avenue
New York, NY 10022.3298

September 18, 2019

Eli Z. Freedberg
212.583.2685 direct
212.583.9600 main
212.954.5011 fax
efreedberg@littler.com

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY
10007

Re:   *Suarez et al. v. Brasserie Felix, Inc. et al.*, 19-cv-07210-KPF

Dear Judge Failla:

We represent the Defendants in the above-referenced matter. We are writing out of an abundance of caution, especially in light of Plaintiffs' August 20, 2019 letter to the Court (Dkt. No. 7), and the Court's August 26, 2019 Order (Dkt. No 11) to inform the Court of Plaintiffs' recent attempts to undermine Defendants' business and Defendants' response to those actions. By way of background, Plaintiffs have previously alleged that Defendants implemented policy changes by requiring Plaintiffs to verify their employment eligibility status. Plaintiffs' counsel characterized this action as retaliatory and placing Plaintiffs at "imminent risk of termination." As a result of this letter, the Court entered an Order requiring Defendants to refrain from instituting any employment verification policy until the initial conference in this matter. Defendants have complied with this order in its entirety and have not inquired about any employee's employment status after the issuance of this order.

Unfortunately, Plaintiffs have recently taken action to undermine Defendants' business. Specifically, Plaintiff Marcelino Ramos suddenly walked off in the middle of his shift this past Sunday, September 8, 2019. Furthermore, Plaintiffs Gerardo Hernandez and Gustavo Peralta did not show up for their shifts on Sunday September 15, 2019. None of these individuals called ahead to tell Defendants that they would be absent and Mr. Ramos did not inform anyone that he would be walking off of his shift. This behavior continued on the following day, Monday September 16, 2019. Plaintiffs Fidel Tecuapachio, Jose Aucacama, and Juan Cuervo were scheduled to work, but they also failed to show up for their shifts. These employees' failure to show up for their scheduled shifts, coupled with their failure to provide reasonable advanced notice of their absence, forced the restaurant to close because there was nobody to staff the kitchen. As a result, these unexcused absences caused Defendants to incur tremendous monetary loss and loss of goodwill. Unfortunately, the unexcused absences continued on September 17, 2019, where Plaintiffs Leo Huerta and Miguel Cielo failed to come to work without providing advance notice of their absences, despite being on the schedule. These types of absences—referred to as "no-call" and "no-show" in the industry—are simply not tolerated because of the significant disruption these absences cause and are commonly viewed as voluntary resignations. Because of the harm these unexcused absences have caused, Defendants accept these individuals' voluntary resignations and they will not be welcome back on Defendants' premises.

The Honorable Katherine Polk Failla
September 18, 2019
Page 2

Although this matter falls outside of the scope of the Court's August 26, 2019 Order, which forbids Defendants from terminating Plaintiffs for lack of employment verification until the Initial Conference, we are providing Your Honor with information related to these unexcused absences and Plaintiffs' mass resignations for the sake of transparency.

We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ Eli Z. Freedberg*

Eli Z. Freedberg