UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

MIGUEL ANGEL SUAREZ, MIGUEL CIELO
RAMOS, GERARDO IXEHUATL HERNANDEZ,
GUSTAVO JACOBO PERALTA, JUAN MANUEL
CUERVO REYES, CARLOS RANGEL CAMACHO,
MARCELINO BARRALES RAMOS, NESTOR
HERNANDEZ SANCHEZ, LEO DAN ANDRADE
HUERTA, JOSE GAGUANCELA AUCACAMA,
FIDENCIO JUAREZ TECUAPACHO, and EFREN
ROMERO, *on behalf of themselves and others
similarly situated*,

Plaintiffs,

-against-

BRASSERIE FELIX, INC. dba RESTAURANT
FELIX, and ALEXANDRE CATTEAU, and ALAIN
DENNEULIN, *individually*,

Defendants.

</td><td>

Index No. 19-cv-7210

**ANSWER TO
COMPLAINT**

</td></tr>
</table>

Defendants BRASSERIE FELIX, INC. dba RESTAURANT FELIX, ALEXANDRE CATTEAU, and ALAIN DENNEULIN, (collectively, "Defendants"), by their attorneys Littler Mendelson, P.C., hereby respond to the allegations in the Complaint of Plaintiffs MIGUEL ANGEL SUAREZ, MIGUEL CIELO, RAMOS, GERARDO IXEHUATL HERNANDEZ, GUSTAVO JACOBO PERALTA, JUAN MANUEL CUERVO REYES, CARLOS RANGEL CAMACHO, MARCELINO BARRALES RAMOS, NESTOR HERNANDEZ SANCHEZ, LEO DAN ANDRADE HUERTA, JOSE GAGUANCELA AUCACAMA, FIDENCIO JUAREZ TECUAPACHO, and EFREN ROMERO as follows:

In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendants deny that they violated any law and/or that they

1

harmed Plaintiffs in any way.  In addition, Defendants do not dispute that Plaintiffs purport to bring this action on behalf of other persons who Plaintiffs allege are similarly situated.  Defendants, however, deny that Plaintiffs are entitled to certify the action as a collective action and further deny that Plaintiffs are entitled to any of the requested procedural or substantive relief.

## INTRODUCTION

1.      Defendants deny the allegations set forth in Paragraph 1 of the Complaint, except they admit that Plaintiffs have filed an action alleging violations of the Fair Labor Standards Act ("FLSA").  Defendants affirmatively deny that they violated the law, and deny that Plaintiffs are entitled to any damages or relief.

2.      Defendants deny the allegations set forth in Paragraph 2 of the Complaint, except they admit that Plaintiffs have filed an action alleging violations of the New York Labor Law ("NYLL").  Defendants affirmatively deny that they violated the law and deny that Plaintiffs are entitled to any damages or relief.

## JURISDICTION AND VENUE

3.      Paragraph 3 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants admit the allegations.

4.      Paragraph 4 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants admit the allegations.

## PARTIES AND SUMMARY OF ALLEGATIONS

5.      Defendants deny knowledge and information sufficient to form a belief as to the accuracy of the allegations within Paragraph 5 of the Complaint.

6.      Defendants deny the allegations within Paragraph 6 of the Complaint, but admit that several of the individuals identified in Paragraph 6 of the Complaint are current or former employees of Defendant's restaurant.

7.      Defendants admit the allegations in Paragraph 7 of the Complaint.

7.      [sic] Defendants deny the allegations in [misnumbered] Paragraph 7 of the Complaint, except admit that Alexandre Catteau is an owner of shares in the restaurant located at 340 West Broadway, New York, New York 10013.[1]

8.      Defendants deny the allegations in Paragraph 8 of the Complaint, except admit that Alain Denneulin is an owner of shares in the restaurant located at 340 West Broadway, New York, New York 10013.

9.      Defendants deny the allegations in Paragraph 9 of the Complaint.

10.     Defendants deny the allegations within Paragraph 10 of the Complaint, except they admit that Plaintiff Suarez worked for a time as a food runner.

11.     Defendants deny the allegations within Paragraph 11 of the Complaint, except they admit that Plaintiff Ramos worked for a time as a food runner.

12.     Defendants deny the allegations within Paragraph 12 of the Complaint, except they admit that Plaintiff Hernandez worked for a time as a busser.

13.     Defendants deny the allegations within Paragraph 13 of the Complaint, except they admit that Plaintiff Peralta worked for a time as a busser.

14.     Defendants deny the allegations within Paragraph 14 of the Complaint, except they admit that Plaintiff Reyes worked for a time as a busser.

---

[1] Plaintiffs misnumbered this paragraph.  For the purposes of the Answer, Defendants use Plaintiffs' numbered paragraphs.

15.     Defendants deny the allegations within Paragraph 15 of the Complaint, except they admit that Plaintiff Camacho worked for a time as a busser.

16.     Defendants deny the allegations within Paragraph 16 of the Complaint, except they admit that Plaintiff Barrales Ramos worked for a time as a runner and barback.

17.     Defendants deny the allegations within Paragraph 17 of the Complaint, except they admit that Plaintiff Sanchez worked for a time as a runner and barback.

18.     Defendants deny the allegations within Paragraph 18 of the Complaint, except they admit that Plaintiff Huerta worked for a time as a line cook.

19.     Defendants deny the allegations within Paragraph 19 of the Complaint, except they admit that Plaintiff Aucacama worked for a time as a line cook.

20.     Defendants deny the allegations within Paragraph 20 of the Complaint, except they admit that Plaintiff Tecuapacho worked for a time as salad preparer.

21.      Defendants deny the allegations within Paragraph 21 of the Complaint and deny that Plaintiff Romero has expressed an interest to participate in this Action.

22.     Defendants deny the allegations within Paragraph 22 of the Complaint, except they admit that the restaurant located at 340 West Broadway is a French Restaurant.

23.     Paragraph 23 of the Complaint sets forth legal conclusions to which a response is not required, to the extent a response is required Defendants deny the allegations.

24.     Paragraph 24 of the Complaint sets forth legal conclusions to which a response is not required, is not required, to the extent a response is required Defendants deny the allegations..

25.     Defendants deny the allegations within Paragraph 25 of the Complaint.

26.     Defendants deny the allegations within Paragraph 26 of the Complaint.

27.     Paragraph 27 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

28.     Defendants deny the allegations within Paragraph 28 of the Complaint.

29.     Defendants deny the allegations within Paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

31.     Paragraph 31 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

32.     Paragraph 32 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

33.     Paragraph 33 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

34.     Paragraph 34 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

## DETAILED STATEMENT OF FACTS

35.     Defendants deny the allegations in Paragraph 35 of the Complaint, except admit that Alexandre Catteau is an owner of shares in the restaurant located at 340 West Broadway, New York, New York 10013.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint, except admit that Alain Denneulin is an owner of shares in the restaurant located at 340 West Broadway, New York, New York 10013.

37.     Paragraph 37 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

### a.     Plaintiff Miguel Angel Suarez

38.     Defendants deny the allegations within Paragraph 38 of the Complaint, except they admit that Plaintiff Suarez worked for a time as a food runner.

39.     Defendants deny the allegations within Paragraph 39 of the Complaint.

40.     Defendants deny the allegations within Paragraph 40 of the Complaint.

41.     Defendants deny the allegations within Paragraph 41 of the Complaint, except admit that Plaintiff Suarez received payment via checks.

42.     Defendants deny the allegations within Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

44.     Paragraph 44 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

45.     Defendants deny the allegations within Paragraph 45 of the Complaint.

**b.     Plaintiff Miguel Cielo Ramos**

46.     Defendants deny the allegations within Paragraph 46 of the Complaint, except they admit that Plaintiff Ramos worked for a time as a food runner.

47.     Defendants deny the allegations within Paragraph 47 of the Complaint.

48.     Defendants deny the allegations within Paragraph 48 of the Complaint.

49.     Defendants deny the allegations within Paragraph 49 of the Complaint.

50.     Paragraph 50 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

51.     Paragraph 51 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

52.     Defendants deny the allegations within Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

54.     Defendants deny the allegations within Paragraph 54 of the Complaint.

55.     Defendants deny the allegations within Paragraph 55 of the Complaint.

### c.  Plaintiff Gerardo Ixehuatl Hernandez

56.  Defendants deny the allegations within Paragraph 56 of the Complaint, except they admit that Plaintiff Hernandez worked for a time as a busser.

57.  Defendants deny the allegations within Paragraph 57 of the Complaint.

58.  Defendants deny the allegations within Paragraph 58 of the Complaint.

59.  Defendants deny the allegations within Paragraph 59 of the Complaint.

60.  Paragraph 60 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

61.  Paragraph 61 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

62.  Defendants deny the allegations within Paragraph 62 of the Complaint.

63.  Paragraph 63 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

64.  Defendants deny the allegations within Paragraph 64 of the Complaint.

65.  Defendants deny the allegations within Paragraph 65 of the Complaint.

66.  Defendants deny the allegations within Paragraph 66 of the Complaint.

67.  Defendants deny the allegations within Paragraph 67 of the Complaint.

### d.  Plaintiff Gustavo Jacobo Peralta

68.  Defendants deny the allegations within Paragraph 68 of the Complaint, except they admit that Plaintiff Peralta worked for a time as a busser.

69.  Defendants deny the allegations within Paragraph 69 of the Complaint.

70.     Defendants deny the allegations within Paragraph 70 of the Complaint.

71.     Paragraph 71 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

72.     Paragraph 72 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

73.     Defendants deny the allegations within Paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

75.     Defendants deny the allegations within Paragraph 75 of the Complaint.

76.     Defendants deny the allegations within Paragraph 76 of the Complaint.

77.     Defendants deny the allegations within Paragraph 77 of the Complaint.

78.     Defendants deny the allegations within Paragraph 78 of the Complaint.

**e.     Plaintiff Juan Manuel Cuervo Reyes**

79.     Defendants deny the allegations within Paragraph 79 of the Complaint, except they admit that Plaintiff Reyes worked for a time as a busser.

80.     Defendants deny the allegations within Paragraph 80 of the Complaint.

81.     Defendants deny the allegations within Paragraph 81 of the Complaint.

82.     Paragraph 82 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

83.     Paragraph 83 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

84.     Defendants deny the allegations within Paragraph 84 of the Complaint.

85.     Paragraph 85 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

86.     Defendants deny the allegations within Paragraph 86 of the Complaint.

87.     Defendants deny the allegations within Paragraph 87 of the Complaint.

88.     Defendants deny the allegations within Paragraph 88 of the Complaint.

89.     Defendants deny the allegations within Paragraph 89 of the Complaint.

### f.      Plaintiff Carlos Rangel Camacho

90.     Defendants deny the allegations within Paragraph 90 of the Complaint, except they admit that Plaintiff Camacho worked for a time as a busser.

91.     Defendants deny the allegations within Paragraph 91 of the Complaint.

92.     Defendants deny the allegations within Paragraph 92 of the Complaint.

93.     Paragraph 93 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

94.     Paragraph 94 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

95.     Defendants deny the allegations within Paragraph 95 of the Complaint.

96.     Paragraph 96 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

97.     Defendants deny the allegations within Paragraph 97 of the Complaint.

98.     Defendants deny the allegations within Paragraph 98 of the Complaint.

99.     Defendants deny the allegations within Paragraph 99 of the Complaint.

100.    Defendants deny the allegations within Paragraph 100 of the Complaint.

g.      **Plaintiff Marcelino Barrales Ramos**

101.    Defendants deny the allegations within Paragraph 101 of the Complaint, except they admit that Plaintiff Barrales Ramos worked for a time as a runner and barback.

102.    Defendants deny the allegations within Paragraph 102 of the Complaint.

103.    Defendants deny the allegations within Paragraph 103 of the Complaint.

104.    Defendants deny the allegations within Paragraph 104 of the Complaint.

105.    Paragraph 105 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

106.    Paragraph 106 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

107.    Defendants deny the allegations within Paragraph 107 of the Complaint.

108.    Defendants deny the allegations within Paragraph 108 of the Complaint.

109.    Defendants deny the allegations within Paragraph 109 of the Complaint.

110.    Paragraph 110 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

111.    Defendants deny the allegations within Paragraph 111 of the Complaint.

112.    Defendants deny the allegations within Paragraph 112 of the Complaint.

### h.        Plaintiff Nestor Hernandez Sanchez

113.    Defendants deny the allegations within Paragraph 113 of the Complaint, except they admit that Plaintiff Sanchez worked for a time as a runner and barback.

114.    Defendants deny the allegations within Paragraph 114 of the Complaint.

115.    Defendants deny the allegations within Paragraph 115 of the Complaint.

116.    Defendants deny the allegations within Paragraph 116 of the Complaint.

117.    Defendants deny the allegations within Paragraph 117 of the Complaint.

118.    Defendants deny the allegations within Paragraph 118 of the Complaint.

119.    Paragraph 119 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

120.    Defendants deny the allegations within Paragraph 120 of the Complaint.

121.    Paragraph 121 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

122.    Defendants deny the allegations within Paragraph 122 of the Complaint.

123.    Defendants deny the allegations within Paragraph 123 of the Complaint.

### i.       Plaintiff Leo Dan Andrade Huerta

124.     Defendants deny the allegations within Paragraph 124 of the Complaint, except they admit that Plaintiff Huerta worked for a time as a line cook.

125.     Defendants deny the allegations within Paragraph 125 of the Complaint.

126.     Defendants deny the allegations within Paragraph 126 of the Complaint.

127.     Defendants deny the allegations within Paragraph 127 of the Complaint.

128.     Defendants deny the allegations within Paragraph 128 of the Complaint, except they admit that Plaintiff Huerta received a wage rate of $15 per hour in 2019.

129.     Paragraph 129 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

130.     Defendants deny the allegations within Paragraph 130 of the Complaint.

131.     Paragraph 131 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations, except admit that Huerta use a time clock to record time in 2018.

132.     Defendants admit the allegations within Paragraph 132 of the Complaint.

133.     Defendants deny the allegations within Paragraph 133 of the Complaint.

134.     Defendants deny the allegations within Paragraph 134 of the Complaint.

135.     Defendants deny the allegations within Paragraph 135 of the Complaint.

### j.       Plaintiff Jose Gaguancela Aucacama

136.     Defendants deny the allegations within Paragraph 136 of the Complaint, except they admit that Plaintiff Aucacama worked for a time as a line cook.

137.     Defendants deny the allegations within Paragraph 137 of the Complaint.

138.     Defendants deny the allegations within Paragraph 138 of the Complaint.

139.     Defendants deny the allegations within Paragraph 139 of the Complaint.

140.     Defendants deny the allegations within Paragraph 140 of the Complaint.

141.     Defendants deny the allegations within Paragraph 141 of the Complaint, except they admit that on occasion Plaintiff Aucacama received cash payments.

142.     Paragraph 142 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

143.     Paragraph 143 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

144.     Defendants admit the allegations within Paragraph 144 of the Complaint.

145.     Defendants deny the allegations within Paragraph 145 of the Complaint.

146.     Defendants deny the allegations within Paragraph 146 of the Complaint.

147.     Defendants deny the allegations within Paragraph 147 of the Complaint.

### k.        Plaintiff Fidencio Juarez Tecuapacho

148.     Defendants deny the allegations within Paragraph 148 of the Complaint, except they admit that Plaintiff Tecuapacho worked for a time as salad preparer.

149.     Defendants deny the allegations within Paragraph 149 of the Complaint.

150.     Defendants deny the allegations within Paragraph 150 of the Complaint.

151.     Defendants deny the allegations within Paragraph 151 of the Complaint.

152.     Defendants deny the allegations within Paragraph 152 of the Complaint.

153.     Defendants deny the allegations within Paragraph 153 of the Complaint.

154.     Defendants deny the allegations within Paragraph 154 of the Complaint, except they admit that Plaintiff Tecuapacho received a wage rate of $15 per hour in 2019 and was paid by check.

155.     Defendants deny the allegations within Paragraph 155 of the Complaint.

156.     Defendants deny the allegations within Paragraph 156 of the Complaint, except they admit that on occasion Plaintiff Tecuapacho received cash payments

157.     Paragraph 157 of the Complaint sets forth legal conclusions to which a response is not required; to the extent a response is required, Defendants deny the allegations.

158.     Defendants admit the allegations within Paragraph 158 of the Complaint.

159.     Defendants deny the allegations within Paragraph 159 of the Complaint.

160.     Defendants deny the allegations within Paragraph 160 of the Complaint, except admit that Tecuapacho used a time clock to record time.

### i.     Plaintiff Efren Romero

161.     Defendants deny that Plaintiff Romero is a Plaintiff in this action and all claims purportedly brought on his behalf.

162.     Defendants deny that Plaintiff Romero is a Plaintiff in this action and all claims purportedly brought on his behalf.

163.     Defendants deny that Plaintiff Romero is a Plaintiff in this action and all claims purportedly brought on his behalf.

164.     Defendants deny that Plaintiff Romero is a Plaintiff in this action and all claims purportedly brought on his behalf.

165.     Defendants deny that Plaintiff Romero is a Plaintiff in this action and all claims purportedly brought on his behalf.

166.    Defendants deny that Plaintiff Romero is a Plaintiff in this action and all claims purportedly brought on his behalf..

167.    Defendants deny that Plaintiff Romero is a Plaintiff in this action and all claims purportedly brought on his behalf.

168.    Defendants deny that Plaintiff Romero is a Plaintiff in this action and all claims purportedly brought on his behalf.

169.    Defendants deny that Plaintiff Romero is a Plaintiff in this action and all claims purportedly brought on his behalf.

170.    Defendants deny that Plaintiff Romero is a Plaintiff in this action and all claims purportedly brought on his behalf.

171.    Defendants deny that Plaintiff Romero is a Plaintiff in this action and all claims purportedly brought on his behalf.

172.    Defendants deny that Plaintiff Romero is a Plaintiff in this action and all claims purportedly brought on his behalf.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

173.    Reallege and incorporate their responses to all previous allegations contained in the Complaint.

174.    Paragraph 174 of the Complaint sets forth legal conclusions to which a response is not required.

175.    Paragraph 175 of the Complaint sets forth legal conclusions to which a response is not required.

176.    Deny the allegations in Paragraph 176 of the Complaint.

177.    Deny the allegations in Paragraph 177 of the Complaint.

178.    Deny the allegations in Paragraph 178 of the Complaint.

179.    Paragraph 179 of the Complaint sets forth legal conclusions to which a response is not required.

180.    Deny the allegations in Paragraph 180 of the Complaint.

181.    Deny the allegations in Paragraph 181 of the Complaint.

182.    Deny the allegations in Paragraph 182 of the Complaint.

183.    Deny the allegations in Paragraph 183 of the Complaint.

184.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 184 of the Complaint, except admit that Defendants maintain records concerning the number of hours.

185.     Deny the allegations in Paragraph 185 of the Complaint.

186.    Paragraph 186 of the Complaint sets forth legal conclusions to which a response is not required. To the extent a response is required, Defendants deny.

187.    Deny the allegations in Paragraph 187 of the Complaint.

188.    Deny the allegations in Paragraph 188 of the Complaint.

**COUNT II**
**[Violation of the New York Labor Law]**

189.    Reallege and incorporate their responses to all previous allegations contained in the Complaint.

190.    Paragraph 190 of the Complaint sets forth legal conclusions to which a response is not required.

191.    Deny the allegations in Paragraph 191 of the Complaint.

192.    Deny the allegations in Paragraph 192 of the Complaint.

193.    Deny the allegations in Paragraph 193 of the Complaint.

194.    Deny the allegations in Paragraph 194 of the Complaint.

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

195.    Reallege and incorporate their responses to all previous allegations contained in the Complaint.

196.    Deny the allegations in Paragraph 196 of the Complaint.

197.    Deny the allegations in Paragraph 197 of the Complaint.

198.    Deny the allegations in Paragraph 198 of the Complaint.

199.    Paragraph 199 of the Complaint sets forth legal conclusions to which a response is not required.

200.    Deny the allegations in Paragraph 200 of the Complaint.

201.    Paragraph 201 of the Complaint sets forth legal conclusions to which a response is not required.

202.    Paragraph 202 of the Complaint sets forth legal conclusions to which a response is not required.

203.    Deny the allegations in Paragraph 203 of the Complaint.

## PRAYER FOR RELIEF

(a)     Deny

(b)     Deny

(c)     Deny

(d)     Deny

(e)     Deny

(f)     Deny

(g)     Deny

(h)     Deny

## GENERAL DENIAL

Defendants deny each and every allegation not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without admitting any allegations asserted in the Complaint, Defendants assert the following affirmative defenses. Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue on which they would not otherwise bear such burden of proof on any issue on which they would not otherwise bear such burden. These defenses may also apply to the claims of some, or all, of the collective/class of allegedly similarly situated persons, if collective/class certification is granted.

1.      The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      The claims of Plaintiffs and/or the putative collective action members are barred, in whole or in part, by the doctrines of accord and satisfaction, waiver, laches, estoppel, consent, unclean hands, comparative fault, contributory fault, and/or the applicable statute of limitations.

3.      Defendants Alexandre Catteau and Alain Denneulin are not proper Defendants in this action because they were not Plaintiff's "employer" within the scope of the FLSA or NYLL.

4.      Plaintiff's claims and/or those of the putative collective action members are barred, in whole or in part, because Defendants at all times acted in good faith to

comply with the FLSA and NYLL, and had reasonable grounds for believing they were in compliance with the FLSA and NYLL.

5.      Defendants' actions were not willful.  No act or omission of Defendants that is alleged to violate the law was willful, knowing, or in reckless disregard for the provisions of the NYLL and/or FLSA.

6.      Plaintiffs and/or the putative collective action members are not entitled to any equitable relief because they have an adequate remedy at law.

7.      The Complaint fails to satisfy the requirements for maintenance of a collective action under 29 U.S.C. § 216(b), including, *inter alia*, the requirement that Plaintiffs be a proper collective or class action representative.  Therefore, this action may not be maintained as a collective action, and Plaintiffs cannot sue as a representative party.

8.      Plaintiffs cannot pursue claims on behalf of anyone who has not joined, or filed a consent to join, this action.

9.      Plaintiffs cannot offer a model of damages that is amenable to collective or class action treatment.

10.     Certification of a collective action, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' procedural rights and right to a trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

11.     Plaintiffs and/or the putative collective action members' claims are barred, in whole or in part, because, to the extent any violations are established, they constitute *de minimis* violations.

12.     Plaintiff's claim and/or the putative collective action members' claim for damages must be dismissed to the extent that they have failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, or to the extent that they have been mitigated.

13.     If Plaintiffs and/or any putative collective action members succeed in establishing any violation under the FLSA and/or NYLL, and to the extent any sums are found due and owing, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs and/or any putative collective or class action members over and above their wages and/or beyond the time period compensable under the FLSA and/or NYLL.

14.     Even if Defendants have, in fact, failed to pay Plaintiffs and/or any putative collective or class action members for any of the activities alleged in the Complaint (which they have not), such activities were preliminary or postliminary to principal activities or do not constitute compensable work under the FLSA or NYLL, and, furthermore, such activities were not an integral and indispensable part of the principal activities of employment and are not compensable.

15.     Plaintiffs and/or the putative collective action members' FLSA claims pertaining to alleged unpaid work time for non-overtime hours fails in any workweek in which their total compensation for the week exceeds the minimum wage for all non-overtime hours worked that week.

16.     At all times, Defendants made complete and timely payments of all wages due to Plaintiffs and/or putative collective action members under Article 6 or Article 19 or Article 19-A of the NYLL or under the FLSA.

17.     At all times, Defendants reasonably believed in good faith that they provided Plaintiffs and/or putative collective action members with adequate notice of wage information pursuant to New York Labor Law § 195.

18.     Plaintiffs and/or some or all of the putative collective action members are not entitled to declaratory or injunctive relief.

19.     Plaintiffs and/or some or all of the putative collective or class action members are not entitled to pre-judgment or post-judgment interest.

20.     Plaintiffs and/or some or all of the putative collective action members' claims are barred, in whole or in part, to the extent that the work he/they performed falls within exemptions, exceptions, or exclusions provided under the FLSA, 29 U.S.C. § 201, *et seq.*, and NYLL, or, alternatively, should be reduced by any credits, recoupments or offsets provided under the FLSA and NYLL.

21.     In addition to the foregoing defenses, Defendants reserve the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action or to pursue any available counterclaims against Plaintiffs or any putative collective or class action member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendants deny that Plaintiffs and/or the putative collective or class action members are entitled to judgment in any amount whatsoever, and respectfully submit that the entire Complaint should be dismissed in its entirety on the

merits and with prejudice, and that Defendants be awarded their costs incurred in defending this lawsuit, including their reasonable attorneys' fees, as well as such other legal and equitable relief as the Court deems just and proper.

Date:   October 11, 2019
        New York, New York

/s/ Eli Z. Freedberg
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY  10022.3298
212.583.9600

*Attorneys for Defendants*