UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL ANGEL SUAREZ, MIGUEL CIELO RAMOS, GERARDO IXEHUATL HERNANDEZ, GUSTAVO JACOBO PERALTA, JUAN MANUEL CUERVO REYES, CARLOS RANGEL CAMACHO, MARCELINO BARRALES RAMOS, NESTOR HERNANDEZ SANCHEZ, LEO DAN ANDRADE HUERTA, JOSE GAGUANCELA AUCACAMA, FIDENCIO JUAREZ TECUAPACHO, and EFREN ROMERO, *on behalf of themselves and others similarly situated*,

Plaintiffs,

-against-

BRASSERIE FELIX, INC. dba RESTAURANT FELIX, and ALEXANDRE CATTEAU, and ALAIN DENNEULIN, *individually*,

Defendants.

Index No. 19-cv-7210

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

Katherine Polk Failla, U.S.D.J.:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits:

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    (a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (b) previously non-disclosed material relating to ownership or control of any non-public company;

    (c) previously non-disclosed business plans, product-development information, or marketing plans;

    (d) any information of a personal or intimate nature regarding any individual; or

    (e) any other category of information this Court subsequently affords confidential status.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential

information redacted.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; andthis Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person

referred to in Paragraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. In accordance with Paragraph 2 of this Court's Individual Practices, any Party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir. 2006).

10. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

11. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an

unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

12. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Paragraph 4(E) of this Court's Individual Practices.

13. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Paragraph 4(E) of this Court's Individual Practices.

14. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days

before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

18. Pursuant to Fed. R. Evid. 502(d) and 502(e), the Parties agree to and the Court orders protection of privileged and otherwise protected materials against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

    (a) The disclosure or production of Discovery Materials by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a

Receiving Party ("Protected Discovery Materials"), shall in no way constitute the voluntary disclosure of such materials.

(b)  The inadvertent disclosure or production of any Protected Discovery Materials in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Protected Discovery Materials as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c)  If, during the course of this litigation, a Party determines that any Discovery Materials produced by another Party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection:

(i)  the Receiving Party shall: (A) refrain from reading the Protected Discovery Materials any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Discovery Materials believed to be privileged or protected; (C) specifically identify the Protected Discovery Materials by Bates number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Discovery Materials, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Discovery Materials has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Discovery Materials extracted from the database. Where such

Protected Discovery Materials cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Discovery Materials to identify potentially privileged or work product Protected Discovery Materials.

(ii) if the Producing Party intends to assert a claim of privilege or other protection over Discovery Materials identified by the Receiving Party as Protected Discovery Materials, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Discovery Materials that is consistent with the requirements of the Federal Rules of Civil Procedure. In the event that any portion of a Protected Discovery Materials does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(d) If, during the course of this litigation, a Party determines it has produced a Protected Discovery Materials:

(i) the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such materials. Such notice shall be in writing, however, it may be

delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Discovery Materials inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Discovery Materials that is consistent with the requirements of the Federal Rules of Civil Procedure. In the event that any portion of the Protected Discovery Materials does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the materials that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(ii) the Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Discovery Materials and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Discovery Materials has been loaded into a litigation review database under the control of the Receiving Party and the Court ultimately orders destruction of that Protected Discovery Materials, the Receiving Party shall have all electronic copies of the Protected Discovery Materials extracted from the database.

(e) To the extent that the information contained in a Protected Discovery Materials has already been used in or described in other materials generated

or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party, the Receiving Party shall sequester such materials until the claim has been resolved. If the Receiving Party disclosed the Protected Discovery Materials before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f) The Receiving Party's return, sequestering or destruction of Protected Discovery Materials as provided herein will not act as a waiver of the requesting Party's right to move for the production of the returned, sequestered or destroyed materials on the grounds that the materials are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

(i) the disclosure or production of the Protected Discovery Materials acts as a waiver of an applicable privilege or evidentiary protection;

(ii) the disclosure of the Protected Discovery Materials was not inadvertent;

(iii) the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Discovery Materials; or

(iv) the Producing Party failed to take reasonable or timely steps to rectify the error.

(g) Either Party may submit Protected Discovery Materials to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Discovery Materials until such claim is resolved. The Receiving Party may not use the Protected Discovery Materials for any purpose absent this Court's order.

(h) Upon a determination by the Court that the Protected Discovery Materials are protected by the applicable privilege or evidentiary protection, and if the Protected Discovery Materials have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Discovery Materials shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Discovery Materials by search terms or other means.

(i) Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of materials, data (including electronically stored information), and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another Party.

(j) By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of Federal Rules of Evidence 502(d) and (e).

19. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

20. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: November 15, 2019

Dated: November 15, 2019

Dated: New York, New York

Dated: November 15, 2019
      New York, New York

SO ORDERED.

_Katherine Polk Failla_
Katherine Polk **Failla**
United States District Judge

This confidentiality agreement does not bind the Court or any of
its personnel.  The Court will retain jurisdiction over the terms
and conditions of this agreement only for the pendency of this
litigation.  Any party wishing to make redacted or sealed
submissions shall comply with Rule 6(A) of this Court's
Individual Rules of Civil Procedure.