

Littler Mendelson, PC
900 Third Avenue
New York, NY 10022.3298

Eli Z. Freedberg
212.583.2685 direct
212.583.9600 main
212.954.5011 fax
efreedberg@littler.com

February 10, 2020

**VIA ECF**

Hon. Katherine P. Failla, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re: Miguel Angel Suarez, et. al. v. Brasserie Felix, Inc., et al.
    Case No. 19 Civ. 7210 (KPF)

Dear Judge Failla:

Our firm represents the Defendants in the above-referenced action. We write to inform Your Honor and Plaintiffs that Defendant Brasserie Felix, Inc. (the "Corporate Defendant" or "Debtor") has recently filed for Chapter 11 bankruptcy protection in the Eastern District of New York. We have attached the Notices of Bankruptcy Case Filing for the Corporate Defendant. As a result of bankruptcy filing, Defendants respectfully ask the Court to stay the action with respect to the Corporate Defendant pursuant to 11 U.S.C. § 362(a). In addition, the individual defendants Alexandre Catteau and Alain Danneulin (the "Individual Defendants"), request that the Court extend the automatic stay to them as well.

The automatic stay pursuant to 11 U.S.C. § 362(a), invoked by virtue of a bankruptcy filing, can be extended to non-debtors under certain circumstances. In *Queenie, Ltd. v. Nygard Int'l.*, 321 F.3d 282 (2d Cir. 2003), the Second Circuit set the standard for application of the automatic stay to non-debtor co-defendants, like the Individual Defendants here. Generally, "a suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing." *Id.*, 321 F.3d at 287 (internal quotation marks omitted). However, the automatic stay can apply to non-debtors when a claim against the non-debtor "will have an immediate adverse economic consequence for the debtor's estate," such as where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant." *Queenie*, 321 F.3d at 287-88 (internal citations omitted).

Three examples of an adverse economic impact are (1) claims to establish an obligation where the debtor is a guarantor, (2) a claim against the debtor's insurer, and (3) where there is an identity between the party defendant and the debtor such that the debtor may be said to be the real party defendant. *Rentrak Corp. v. Ladieu (In re Ladieu)*, Case No. 07-10868, Adv. Pro. No. 08-1010 (Bankr. D. Vt. June 17, 2011), *citing Queenie*.

Hon. Katherine P. Failla, U.S.D.J.
February 10, 2020
Page 2

Under appropriate circumstances, bankruptcy courts have also enjoined lawsuits against a non-debtor pursuant to 11 U.S.C. § 105(a) under the general premise that a lawsuit should not be permitted when it threatens the possibility of successful reorganizations. *See In Re Lazarus Burman Associates*, 161 B.R. 891, 898 (E.D.N.Y. 1993) (and citing numerous other cases enjoining third party suits). The Bankruptcy Court found relevant that "[i]n many of the cases cited above, the actions against principals were enjoined where their time and energy was important to the rehabilitation of a debtor's business or to the formulation of a plan reorganization." *Id*.

The analysis that this Court should undertake is whether the Individual Defendants are "absentee owners" or they are sufficiently involved with the day to day operations of the Corporate Defendants playing a central role in their reorganization. *See, e.g., In re United Health Care Org.*, 210 B.R. 228 (S.D.N.Y. 1997) (staying actions against two non-debtor defendants where debtor corporation's successful reorganization was contingent upon the contribution of defendants' personal assets and efforts).

The facts of this case support the extension of the automatic stay to cover the non-debtor Individual Defendants. Presently, it should be noted that all relevant payroll records and other documents are property only of the Debtors. Specifically, the Debtor is the custodian of payroll records, time records, personnel files, schedules, and all other records typically produced in wage and hour cases. Indeed, as Judge Furman recently noted in *Galvez v. Kem Rest., Inc., et al.*, (Case No. 17-cv-1514, Dkt. No. 40), a very similar New York Labor Law and Fair Labor Standards case seeking recovery for alleged unpaid wages, an automatic stay should be granted to all Defendants when the corporate Defendant, who is the real party of interest, declares bankruptcy. Therefore, discovery will be Challenging, if not impossible, because the Corporate Defendant, which is the custodian of the relevant records will not be producing the very records needed to ultimately dispose of this Action. We have also attached an order from Judge Abrams who recently decided to stay the proceedings against all Defendants in a similar FLSA matter.

Additionally, it is important to note that the Debtor only filed its bankruptcy petition a few days ago. Since the petition is in its early stage, the Corporate Defendant should be afforded a breathing spell to determine whether, in bankruptcy, it can reorganize and propose a plan to pay creditors. All two Individual Defendants are essential to the operations of the Corporate Defendants and work at the businesses. Removing the services of any of them from the day to day operations would negatively impact the ability of the Corporate Defendants to reorganize.

Finally, as a matter of judicial economy and to promote the due administration of this case and each Bankruptcy Case, all matters should be dealt with by the Bankruptcy Court because practically speaking it makes no sense to have two different cases proceeding on two different tracks.

We therefore request that Your Honor continue the stay of this entire matter.

Hon. Katherine P. Failla, U.S.D.J.
February 10, 2020
Page 3


Respectfully submitted,

Eli Z. Freedberg
Shareholder

EZF
cc:     Peter Cooper, Esq.