# CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
10 Grand Central
155 East 44th Street - 6th Floor
New York, New York 10017
_____
Telephone (212) 209-3933
Facsimile (212) 209-7102

April 2, 2020

**STATUS REPORT**

**BY ECF**

Hon. Mary Kay Vyskocil, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Miguel Angel Suarez, et. al. v. Brasserie Felix, Inc., et al.*
               *Case No. 19 Civ. 7210 (MKV) (RWL)*

Dear Judge Vyskocil,

      We are counsel to the plaintiffs in the above-referenced FLSA matter for unpaid wages, minimum wages, and overtime compensation. We write with reference to the court's order dated March 25, 2020 [Docket 38] and provide this status report; and in response to defense counsel's letter filed yesterday requesting a stay due to bankruptcy [Docket 39]. Counsel did not confer with the undersigned before filing so we respectfully ask the court to permit this separate correspondence.

      This is an action for unpaid wages under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"), and the New York Labor Law, §§ 190, *et seq.* ("NYLL") There are twelve (12) plaintiffs; they are not pursuing the case as a collective action.

      Plaintiffs worked at defendant's French restaurant in SoHo. Plaintiffs can be divided into two (2) category of workers. The first eight (8) named plaintiffs worked in the front of the house, as buspersons and food runners. They allege that they were paid either no wages at all (*i.e.*, Carlos Rangel; Juan Cuervo; Gustavo Jacobo Peralta) or they were paid for twenty-four (24) hours (at below minimum wage), but they actually worked many more hours each week.

      The remaining four (4) individuals worked in the kitchen and allege they were paid a flat weekly salary without regard to their actual working hours, and without

Hon. Mary Kay Vyskocil, U.S.D.J.
April 2, 2020
Page 2

overtime compensation. All of the plaintiffs were long-term employees. Two (2) of them remain employed.

The parties exchanged thousands of pages of documents, constituting the universe of "payroll records" available with reference to the individual plaintiffs, and met with a court-appointed mediator pursuant to an order of the District Court. The parties have not conducted depositions.

On or about January 21, 2020 the corporate defendant filed a voluntary petition for bankruptcy pursuant to Chapter 11 [Docket 20-40362-ess]. And as per counsel's correspondence, the individual defendants also recently filed for protection under Chapter 11 of the Bankruptcy Code.

Plaintiffs in this action are the primary creditors and the impetus for the bankruptcy. While their claim is disputed, the amount of damages alleged approaches four million dollars ($4,000,000.00), inclusive of liquidated damages.

Pursuant to the District Court's order of January 3, 2020, discovery was to be completed by June 30, 2019. [Docket 32]. As the court and undersigned have been notified of bankruptcy filings, plaintiffs respectfully request that the parties be ordered to file a status report within one hundred eighty (180) days.

We thank the court for its consideration of this matter.

Respectfully submitted,

/s/ Peter H. Cooper

Peter H. Cooper

cc: Defense Counsel (Via ECF)