EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Miguel Angel Suarez, et al.,

                                      *Plaintiffs*,        Case No.: 20-cv-01929

                  - *against* -

Brasserie Felix, Inc. et al.,

                                      *Defendants.*
-----------------------------------------------------------X

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

Brasserie Felix Inc.,

                                             *Debtor.*       Chapter: 11
                                                                 Case No.: 20-42824-ESS
-----------------------------------------------------------X

In re:

Alexandre Catteau,

                                             *Debtor.*       Chapter: 11
                                                                 Case No.: 20-43260-ESS
-----------------------------------------------------------X

In re:

Alain Denneulin,

                                                Debtor.       Chapter: 11
                                                                 Case No.: 20-43261-ESS
-----------------------------------------------------------X

## **SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement ("Agreement") is entered into by and among Plaintiffs / Creditors Miguel Angel Suarez ("Suarez"), Miguel Cielo Ramos ("Miguel Ramos"), Gerardo Ixehuatl Hernandez ("Hernandez"), Gustavo Jacobo Peralta ("Peralta"), Juan Manuel Cuervo Reyes ("Reyes"), Carlos Rangel Camacho ("Camacho"), Marcelino Barrales Ramos ("Marcelino Ramos"), Nestor Hernandez Sanchez ("Sanchez"), Leo Dan Andrade Huerta ("Huerta"), Jose Gaguancela Aucacama ("Aucacama"), Fidencio Juarez Tecuapacho ("Tecuapacho"), and Efren Romero ("Romero", and collectively, the "Plaintiffs", or the "FLSA Creditors") on the one hand, and Defendants / Debtors Alexandre Catteau ("Catteau"), Alain Denneulin ("Denneulin", and together with Catteau, the "Individual Defendants", or the "Individual Debtors"), and Brasserie Felix, Inc. ("Brasserie Felix", or the "Defendant Corporation", and together with the Individual Defendants, the "Defendants", or the "Debtors") on the other hand. Plaintiffs and Defendants are collectively referred to in this agreement as the "Parties."

WHEREAS, Plaintiffs filed a civil action against Defendants in the United States District Court for the Southern District of New York on August 1, 2019, captioned *Suarez et al v. Brasserie Felix, Inc. et al*, Case No.: 20-42824 (the "Federal Court Action");

WHEREAS, Plaintiffs claimed in the Action, *inter alia*, violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and the New York Labor Law, N.Y. Lab. Law §§ 190 *et seq*. ("NYLL", and collectively, the "Claims");

WHEREAS, Defendants deny that they violated any federal, state or local law, ordinance, rule or regulation, or any duty whatsoever, whether based in statute, common law or otherwise, and they expressly deny any such liability or violation to Plaintiffs;

WHEREAS, on July 31, 2020, Defendant Brasserie Felix filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, captioned *In re Brasserie Felix, Inc.*, Case No.: 19-cv-07210 (the "Corporate Bankruptcy");

WHEREAS, on September 9, 2020, Defendant Alexandre Catteau filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, captioned *In re Alexandre Catteau*, Case No.: 20-43260 (the "Catteau Bankruptcy");

WHEREAS, on September 9, 2020, Defendant Alain Denneulin filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, captioned *In re Alain Denneulin*, Case No.: 20-43261 (the "Denneulin Bankruptcy", and collectively with the Corporate Bankruptcy, and the Catteau Bankruptcy, the "Bankruptcy Proceedings");

WHEREAS, on Tuesday, November 24, 2020 the Parties participated in a mediation in the Federal Court Action and the Bankruptcy Proceedings before Mediator Jeffrey Kimmel, of Akerman LLP ("Mediator Kimmel"), and reached a settlement in order to resolve the Federal Court Action and the Bankruptcy Proceedings as to the Defendants only and as reflected in a Memorandum of Understanding accepted by the Parties at the conclusion of the mediation;

WHEREAS, the Parties desire to memorialize the complete terms of their settlement via this Agreement; and

WHEREAS, the Parties now desire to avoid further litigation and, by this Agreement, intend to resolve all matters raised in the Federal Court Action and the Bankruptcy Proceedings.

NOW THEREFORE, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions which constitute full settlement of the Action:

1. Payment: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims identified in paragraph 5 of this Agreement Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Eight Hundred Thousand Dollars ($800,000.00) (the "Settlement Amount") to be paid to Plaintiffs' attorneys in installments as follows:

(a) An electronic transfer of funds in the amount of Four Hundred Thousand Dollars ($400,000.00) made payable to "Cilenti & Cooper, PLLC, as Attorneys for Plaintiffs," within ten (10) days following Court approval of this Agreement (the "Initial Payment"). Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel;

(b) An electronic transfer of funds in the amount of Two Hundred Thousand Dollars ($200,000.00) made payable to "Cilenti & Cooper, PLLC, as Attorneys for Plaintiffs," on or before June 30, 2021, (the "Second Payment"). Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel;

(c) An electronic transfer of funds in the amount of Two Hundred Thousand Dollars ($200,000.00) made payable to "Cilenti & Cooper, PLLC, as Attorneys for Plaintiffs," on or before October 31, 2021, (the "Final Payment"). Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel;

All of electronic payments set forth above shall be delivered to Cilenti & Cooper, PLLC, to the attention of Peter H. Cooper, Esq., 10 Grand Central 155 East 44th Street, 6th Floor New York, New York 10017. Failure to deliver said payments shall constitute a default under the Agreement. The Parties agree that only wire transfers are acceptable form of payment. Plaintiffs' Counsel shall hold the Settlement Amount in escrow until the Court deems the Agreement fair and reasonable pursuant to *Cheeks v. Freeport Pancake House* and dismisses the Action against the Defendants. After such decision has been entered, Plaintiffs' Counsel shall release any held Settlement Payments to Plaintiffs, pursuant to the schedule contemplated above.

2. Confession of Judgment: Concurrently with the execution of this Agreement, Defendants shall each execute and deliver to Plaintiffs' counsel the confession of judgment ("**Confession of Judgment**") in the form annexed hereto as **Exhibit "A"**. The Parties hereby acknowledge and agree that the Confession of Judgment will be held in escrow by Plaintiffs' counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above and (ii) Defendants fail to cure such default within five (5) days of receipt of written notice (to be delivered to Defendants'

counsel: (i) Lawrence F. Morrison, of Morison & Tenenbaum, PLLC by email at LMorrison@m-t-law.com, (ii) A Michael Weber of Littler Mendelson, P.C. by email at mweber@littler.com; (iii) Eli Zev Freedberg of Littler Mendelson, P.C. by email at EFreedberg@littler.com; and (iv) Joseph James Flanagan of Littler Mendelson, P.C. by email at jflanagan@littler.com. Any such notice of default shall be deemed received one (1) days after it is mailed.

Plaintiffs' counsel warrants that the Confession of Judgment of Defendants will be null and void, annulled and discarded if and when the Defendants have made payments on all payments and installments as set forth in paragraph 1(a) through 1(c). This will have no effect on Defendants' obligations under this agreement nor constitute a waiver of Plaintiffs' rights to enforce this agreement as against any Defendant.

3. Default: In the event that any Settlement Payment is not received by the office of Plaintiffs' Counsel by the close of business on the day they are due, or if any wire transfer given as payment hereunder is dishonored, Plaintiff's counsel shall notify Defendants' counsel: (i) Lawrence F. Morrison, of Morison & Tenenbaum, PLLC by email at LMorrison@m-t-law.com, (ii) A Michael Weber of Littler Mendelson, P.C. by email at mweber@littler.com; (iii) Eli Zev Freedbergof Littler Mendelson, P.C. by email at EFreedberg@littler.com; and (iv) Joseph James Flanagan of Littler Mendelson, P.C. by email at jflanagan@littler.com, of Defendants' alleged default. Said notice of default shall be deemed received one (1) day after it is emailed. In the event that Defendants fail to cure said late payment(s) or dishonor of any such payment(s) within five (5) business days of being notified of same, they shall be in default. The Parties agree that Defendants shall only be entitled to one (1) notice to cure. After any such default which is not timely cured, or where one (1) notice to cure has already been sent to Defendants' counsel, the Plaintiffs may enter judgment against the Defendants, and each of them, jointly and severally, pursuant to the Confession of Judgment appended hereto as **Exhibit "A"**, in the amount of 100% of the unpaid balance of the Settlement Amount prior to the default along with attorneys' fees and costs associated with the default and collection of the amounts owed. After any such default which is not timely cured, the Plaintiffs may file the UCC liens on: (i) Defendant Alexandre Catteau's interest in the condominium apartment located at 91 Metropolitan Ave, Apt. #4B, Brooklyn, NY 11249, reflected in **Exhibit "B"**, in the amount of 100% of the unpaid balance of the Settlement Amount prior to default along with attorneys' fees and costs associated with the default and collection of the amounts owed; and on (ii) Defendant Alain Denneulin's interest in the residential property located at 4799 South Durham Estates Road, Cairo, NY 12405, reflected in **Exhibit "C"**, in the amount of 100% of the unpaid balance of the Settlement Amount prior to default along with attorneys' fees and costs associated with the default and collection of the amounts owed. If any signature of any Defendant is required in order to perfect the contemplated lien pursuant to Article 9 of Uniform Commercial Code, such document shall be completed, signed by the necessary Defendant, and promptly delivered to Plaintiffs' Counsel to be held in escrow in accordance with the provisions of this Agreement. It is understood and acknowledged that the liens created by this paragraph, and / or by the recording of any security instruments contemplated hereunder, are a valid first lien, and superior to any liens and charges among the Defendants' other financial obligations. It is further understood and acknowledged that Defendant Alexandre Catteau's interest the condominium apartment located at 91 Metropolitan Ave, Apt. #4B, Brooklyn, NY 11249, reflected in **Exhibit "B,** and Defendant Alain Denneulin's interest in the residential property located at 4799 South Durham Estates Road, Cairo, NY 12405, reflected in **Exhibit "C"**, are subject to no other liens, charges or encumbrances. It is understood and acknowledged that if the Plaintiffs had prevailed in this litigation, and if the key issues of law and fact had been resolved in

their favor, that the amount they could potentially have recovered, together with attorneys' fees and costs, may have been well in excess of the Settlement Amount. In light of the foregoing, the Defendants acknowledge neither this provision nor the appended Confession of Judgment or UCC lien constitute a penalty or forfeiture under the New York substantive law of contract, and after consultation with their counsel, they irrevocably warrant and covenant that no such argument shall ever be made in opposition to any motion for entry of judgment, foreclosure of the lien or for related relief, nor shall any such argument be made in support of any motion to vacate any default. It is also understood that this default provision was an essential condition for extending the Defendants' time to make payment hereunder, and Plaintiffs insisted upon this provision to ensure that the Settlement Payments are given first lien priority among the Defendants' other financial obligations.

4. **Plaintiffs' Counsel's Escrow**. Simultaneously upon execution of this Agreement, Defendants shall deliver copies of the Confession of Judgment with original ink signature. Plaintiffs' Counsel shall hold the Confession of Judgment as well as the UCC lien in escrow until such time that Defendants' default, after any applicable notice and cure period(s)

5. **Release and Covenant Not To Sue**: Plaintiffs fully and unconditionally release and forever discharge Defendants from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in connection with, any claims under the Fair Labor Standards Acts (FLSA); any claims under New York Labor Law ("NYLL"); any claims under the New York Codes, Rules and Regulations, Articles 6, 7 and 19 of the New York Labor Law; any claims under any other federal, state or local wage and hour law; and any claims for reimbursement, wages, vacation or other leave time through the effective date of this Agreement (which shall be the date that the Court approves the terms of the Agreement).

Defendants fully and unconditionally release and forever discharges Plaintiffs, from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in connection with, any claims under the Fair Labor Standards Acts (FLSA); any claims under New York Labor Law ("NYLL"); any claims under the New York Codes, Rules and Regulations, Articles 6, 7 and 19 of the New York Labor Law; any claims under any other federal, state or local wage and hour law; and any claims for reimbursement, wages, vacation or other leave time through the effective date of this Agreement (which shall be the date that the Court approves the terms of the Agreement).

This release does not bar a claim that a term of this Agreement has been materially violated.

6. **No Admission of Wrongdoing**: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

7. **Dismissal of the Litigation**: Counsel for the Parties shall cooperate and take all reasonably necessary steps to arrange for the Court's approval of the Agreement and entry of the Order of Dismissal. In connection with this Agreement, Plaintiffs specifically agree to discontinue and dismiss with prejudice the Action as to the Defendants. In connection with this Agreement, Defendants specifically agree to discontinue and dismiss the Bankruptcy Proceedings as to the Debtors. The parties herein shall execute the Stipulations of Dismissal appended hereto as **Exhibit "D"**.

8. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

9. <u>Acknowledgment:</u> Plaintiffs acknowledge that they have been fully and fairly represented by counsel in this matter. Plaintiffs acknowledge that they have consulted with counsel for the purpose of this Agreement. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

10. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and e-mail transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Cilenti & Cooper, PLLC
Attn: Peter H. Cooper, Esq.
10 Grand Central
144 East 44th Street, 6th Floor
New York, NY 10017
Email: pcooper@jcpclaw.com

*with a copy to:*

Levin Epstein & Associates, P.C.
Attn: Joshua D. Levin-Epstein, Esq.
       Jason Mizrahi, Esq.
420 Lexington Ave., Suite 2525
New York, NY 10170
Email: joshua@levinepstein.com
       Jason@levinepstein.com

To Defendants:

Littler Mendelson, P.C.
Attn: A Michael Weber
      Eli Zev Freedberg
      Joseph James Flanagan
900 Third Avenue
New York, NY 10022
Email: mweber@littler.com
       EFreedberg@littler.com
       jflanagan@littler.com

*with a copy to*:

Morrison & Tenenbaum, PLLC
Attn: Lawrence Morrison
87 Walker Street
New York, NY 10013
Email: LMorrison@m-t-law.com

11. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York in any subsequent proceeding to enforce this Agreement.

12. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set

forth herein is illegal, void or unenforceable, Plaintiffs agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

13. <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledges that they have consulted with Jason Mizrahi, Esq. of Joshua D. Levin-Epstein, Plaintiffs acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiffs confirms they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

14. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

*[Remainder of Page Intentionally Omitted – Signature Page to Follow]*

**PLAINTIFFS:**

**MIGUEL ANGEL SUAREZ**

By: _[signature]_
Miguel Angel Suarez

Date / Fecha: 1/27/21

**MIGUEL CIELO RAMOS**

By: _[signature]_
Miguel Cielo Ramos

Date / Fecha: 1/27/21

**GERARDO IXEHUATL HERNANDEZ**

By: _[signature]_
Gerardo Ixehuatl Hernandez

Date / Fecha: 1/27/21

**GUSTAVO JACOBO PERALTA**

By: _[signature]_
Gustavo Jacobo Peralta

Date / Fecha: 1/27/21

**JUAN MANUEL CUERVO REYES**

By: _[signature]_
Juan Manuel Cuervo Reyes

Date / Fecha: 1/27/21

**CARLOS RANGEL CAMACHO**

By: _[signature]_
Carlos Rangel Camacho

Date / Fecha: 1/27/21

**MARCELINO BARRALES RAMOS**

By: _[signature]_
Marcelino Barrales Ramos

Date / Fecha: 1/27/2021

**NESTOR HERNANDEZ SANCHEZ**

By: _[signature]_
Nestor Hernandez Sanchez

Date / Fecha: 1/27/2021

**LEO DAN ANDRADE HUERTA**

By: _[signature]_
Leo Dan Andrade Huerta

Date / Fecha: 1-27-21

**JOSE GAGUANCELA AUCACAMA**

By: _[signature]_
Jose Gaguancela Aucacama

Date / Fecha: 1/27/21

**FIDENCIO JUAREZ TECUAPACHO**

By: _[signature]_
Fidencio Juarez Tecuapacho

Date / Fecha: 1/27/21

**EFREN ROMERO**

By: Efren Romero
Efren Romero

Date / Fecha: 1/27/21

**DEFENDANTS:**

**BRASSERIE FELIX, INC.**

By: _____
Alexandre Catteau

Date: 02/08/2021

**ALEXANDRE CATTEAU**

By: _____
Alexandre Catteau

Date: 02/08/2021

**ALAIN DENNEULIN**

By: _____
Alain Denneulin

Date: 02-08-2021

**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
Miguel Angel Suarez, et al.,

                           *Plaintiffs*,      Case No.: 20-cv-01929

          - *against* -           **AFFIDAVIT OF CONFESSION OF JUDGMENT**

Brasserie Felix, Inc. et al.,

                           *Defendants*.
------------------------------------------------------------X

STATE OF NEW YORK    )
                                : ss.:
COUNTY OF _____    )

Alexandre Catteau, being duly sworn, deposes and says:

1. I, Alexandre Catteau, reside at 91 Metropolitan Ave, Apt. #4B, Brooklyn, NY 11249.

2. I am an officer and principal, of Brasserie Felix, Inc.

3. Pursuant to the terms of the Settlement Agreement and Release by and between Plaintiffs / Creditors Miguel Angel Suarez ("Suarez"), Miguel Cielo Ramos ("Miguel Ramos"), Gerardo Ixehuatl Hernandez ("Hernandez"), Gustavo Jacobo Peralta ("Peralta"), Juan Manuel Cuervo Reyes ("Reyes"), Carlos Rangel Camacho ("Camacho"), Marcelino Barrales Ramos ("Marcelino Ramos"), Nestor Hernandez Sanchez ("Sanchez"), Leo Dan Andrade Huerta ("Huerta"), Jose Gaguancela Aucacama ("Aucacama"), Fidencio Juarez Tecuapacho ("Tecuapacho"), and Efren Romero ("Romero", and collectively, the "Plaintiffs", or the "FLSA Creditors") on the one hand, and Defendants / Debtors Alexandre Catteau ("Catteau"), Alain Denneulin ("Denneulin", and together with Catteau, the "Individual Defendants", or the "Individual Debtors"), and Brasserie Felix, Inc. ("Brasserie Felix", or the "Defendant Corporation", and together with the Individual Defendants, the "Defendants", or the "Debtors"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against the Defendant Corporation, and me, Alexandre Catteau, personally, as one of the Individual Defendants, and in favor of the Plaintiffs for the sum of Eight Hundred Thousand Dollars ($800,000.00), less any payments that have been timely made pursuant to the terms of the Settlement Agreement and Release.

4. This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which

provides that Defendants are to submit a total sum of Eight Hundred Thousand Dollars ($800,000.00) to Plaintiffs.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of the Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, as a judgment for the sum of Eight Hundred Thousand Dollars ($800,000.00), less any payments that have been timely made pursuant to the terms of the Settlement Agreement and Release, against Brasserie Felix, Inc., and against Alexandre Catteau, personally, jointly and severally with any judgment arising from such breach against Alan Denneulin.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, Plaintiffs will also be entitled to collect attorneys' fees and costs associated with the collection of the amounts owed under this Confession of Judgment.

**[Remainder of Page Intentionally Omitted]**

**[Signature Page to Follow]**

**BRASSERIE FELIX, INC.**

By: _____
Alexandre Catteau

Date: 02/08/2021

**ALEXANDRE CATTEAU**

By: _____
Alexandre Catteau

Date: 02/08/2021

Sworn to before me on this

08 day of February 2021

_____
Notary Public

BRIAN J. HUFNAGEL
Notary Public, State of New York
No. 01HU6256354
Qualified in Queens County
Commission Expires February 27, 2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Miguel Angel Suarez, et al.,

                              *Plaintiffs*,       Case No.: 20-cv-01929

                - *against* -                **AFFIDAVIT OF CONFESSION OF JUDGMENT**

Brasserie Felix, Inc. et al.,

                              *Defendants*.
-----------------------------------------------------------------X

STATE OF NEW YORK    )
                                 : ss.:
COUNTY OF _____    )

Alain Denneulin, being duly sworn, deposes and says:

1. I, Alain Denneulin, reside at **[insert]**.

2. I am an officer and principal, of Brasserie Felix, Inc.

3. Pursuant to the terms of the Settlement Agreement and Release by and between Plaintiffs / Creditors Miguel Angel Suarez ("Suarez"), Miguel Cielo Ramos ("Miguel Ramos"), Gerardo Ixehuatl Hernandez ("Hernandez"), Gustavo Jacobo Peralta ("Peralta"), Juan Manuel Cuervo Reyes ("Reyes"), Carlos Rangel Camacho ("Camacho"), Marcelino Barrales Ramos ("Marcelino Ramos"), Nestor Hernandez Sanchez ("Sanchez"), Leo Dan Andrade Huerta ("Huerta"), Jose Gaguancela Aucacama ("Aucacama"), Fidencio Juarez Tecuapacho ("Tecuapacho"), and Efren Romero ("Romero", and collectively, the "Plaintiffs", or the "FLSA Creditors") on the one hand, and Defendants / Debtors Alexandre Catteau ("Catteau"), Alain Denneulin ("Denneulin", and together with Catteau, the "Individual Defendants", or the "Individual Debtors"), and Brasserie Felix, Inc. ("Brasserie Felix", or the "Defendant Corporation", and together with the Individual Defendants, the "Defendants", or the "Debtors"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against the Defendant Corporation, and me, Alain Denneulin, personally, as one of the Individual Defendants, and in favor of the Plaintiffs for the sum of Eight Hundred Thousand Dollars ($800,000.00), less any payments that have been timely made pursuant to the terms of the Settlement Agreement and Release.

4. This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of Eight Hundred Thousand Dollars ($800,000.00) to Plaintiffs.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of the Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, as a judgment for the sum of Eight Hundred Thousand Dollars ($800,000.00), less any payments that have been timely made pursuant to the terms of the Settlement Agreement and Release, against Brasserie Felix, Inc., and against Alain Denneulin, personally, jointly and severally with any judgment arising from such breach against Alexandre Catteau.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, Plaintiffs will also be entitled to collect attorneys' fees and costs associated with the collection of the amounts owed under this Confession of Judgment.

**[Remainder of Page Intentionally Omitted]**

**[Signature Page to Follow]**

**BRASSERIE FELIX, INC.**

By: _____
 Alain Denneulin

Date: 02-0_-2021

**ALAIN DENNEULIN**

By: _____
 Alain Denneulin

Date: 02-0_-2021

Sworn to before me on this

8th day of February 2020

_____
Notary Public

BRIAN J. HUFNAGEL
Notary Public, State of New York
No. 01HU6256354
Qualified in Queens County
Commission Expires February 27, 20 22